# EXHIBIT B

**UNITED STATES DISTRICT COURT**
~~WESTERN~~ DISTRICT OF ~~NEW YORK~~ COLUMBIA

INTERNATIONAL MANUFACTURING
AND ENGINEERING SERVICES
COMPANY, LTD.

            Plaintiff,

             v.

~~EASTMAN KODAK COMPANY~~
SEMICONDUCTOR ENERGY
LABORATORY COMPANY, LTD.

            Defendant.

**CASE ~~NO.:~~**

## ~~AMENDED~~ COMPLAINT

Plaintiff International Manufacturing and Engineering Services Company, Ltd. ("IMES" or "Plaintiff") by its undersigned attorneys submit the following as its complaint against ~~Eastman Kodak~~ Semiconductor Energy Laboratory Company Ltd. ("~~Kodak~~"SEL" or "Defendant"):

### NATURE OF ACTION

1.    This action arises under the law of unfair competition for various acts of unfair competition and injurious falsehood. In particular, defendant ~~Kodak's~~ SEL's actions in misappropriating the proprietary ideas and concepts of plaintiff IMES and using those ideas and concepts to file certain patent applications ~~and obtain patents~~ that are based substantially, if not entirely, upon those ideas and concepts. Those patent applications filed ~~and patents obtained~~ by ~~Kodak~~SEL, described in detail below, rightfully belong to IMES and all benefit derived from them rightfully belongs to IMES. All of said actions by ~~Kodak~~SEL have caused the diminution in value of Plaintiff's Invention and of Plaintiff's corporation as a whole. IMES seeks damages, injunctive relief and a constructive trust in its favor.

## THE PARTIES

2.      Plaintiff IMES is a Japanese corporation authorized to do business in the United States with an address at 3-~~kirihara~~Kirihara-cho, ~~Fujiasawa~~Fujisawa-shi 252-0811, Japan.

3.      Defendant ~~Kodak~~SEL is a ~~New Jersey~~ Japanese corporation with a principal place of business at ~~343 State Street, Rochester, New York~~ 398 Hase, Atsugi-shi, Kanagawa 243-0036 Japan.

## JURISDICTION

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship). The amount in controversy exceeds $75,000.

~~6.~~5.      This Court has personal jurisdiction over the ~~d~~Defendant pursuant to 35 U.S.C. § 293.~~because it is located in the State of New York and in this District, transacts business on a regular basis in the State of New York and in this District and because it has committed the tortious acts complained of herein within this District and also without this District and without the State of New York and having consequences within the State of New York and in this District, as stated in the New York CPLR § 301 and § 302.~~

~~5.~~6.      This court also has jurisdiction over ~~the subject matter of~~ this action pursuant to 28 U.S.C. § 1338(a) (arising under the patent laws).

## VENUE

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)~~(a) and (c)~~.

## PLAINTIFFS' PROTECTED INVENTION

8.      Organic light emitting devices ("OLED") in general terms are devices composed of organic layers connected to a transparent anode and a cathode so that light will be emitted from the device when connected to a source of electrical energy. OLEDs are intended to be used to provide flat panel lighting displays for use in electrical products in many different fields of technology to provide what is conventionally referred to as "back-up lighting".

9.      Junji Kido, Ph.D. is a professor at Yamagata University in Japan and is an independent contractor of IMES in Japan.

10.    Kido is an agent of IMES and has a confidential relationship with IMES, wherein he is obligated to maintain the secrecy of IMES' confidential and proprietary information.

11.    Among other things, Kido's work for IMES included research and development of improved OLED devices.

12.    Through months of research and testing, Plaintiff, by and through its agents and employees, developed and invented the structure of an OLED that is able to attain and exceed 100% quantum efficiency ("Plaintiff's Invention").

13.    Prior OLED devices possessed quantum efficiencies well below 10% and, as such, had limited commercial utility.

14.    Plaintiff's method and structure for achieving a level of quantum efficiency, previously considered theoretically impossible to attain, is based upon a discovery of "Multi-Photon Emission" achieved by interconnecting separate electroluminescent units or cells each having a plurality of organic layers arranged to form a stacked OLED structure in which the separate electroluminescent units are transparent and allow for balanced electron and hole injection between a cathode and anode though the organic layers of the OLED.

15.    IMES' method and structure for achieving greater quantum efficiency are novel ideas and concepts.

16.    IMES holds these novel ideas as confidential and proprietary information and trade secrets ordinarily disclosed to the Patent Office only for purposes of prosecuting patent applications (including interference proceedings).

17.    On March 26, 2002, Plaintiff filed Patent Application No. 2002-86599 with the Japanese patent office claiming Plaintiffs' Invention. Plaintiff claims this prior patent application in the Kido `952 patent application (defined below).

18. On March 1, 2003, Plaintiff filed a Patent Application Serial No. 10/393,952 in the United States Patent and Trademark Office ("USPTO") identifying joint inventors Kido et al., claiming Plaintiffs' Invention ("Kido '952"). In accordance with an agreement that was made between IMES and Kido prior to the filing of the Kido `952 patent application, Kido assigned the '952 patent application to IMES. A copy of the assignment is attached hereto as Exhibit A.

19. On March 13, 2003, Plaintiff filed Patent Application No. 2003-70135 with the Japanese patent office based on Plaintiffs' Invention.

20. The Kido `952 patent application and the Japanese Patent Application No. 2003-70135 both areis based upon the priority date of the prior-filed Japanese Patent Application No. 2002-86599.

21. A detailed explanation of Plaintiff's Invention is set forth in the Kido `952 patent application.

## EUROPEAN CONFERENCE

22. The European Conference On Organic Electronics And Related Phenomena 2001 ("Conference") was held in Potsdam, Germany on November 18-21, 2001.

23. The Conference included a presentation by Kido on the subject Organic Light Emitting Devices entitled: " Where We Are and Where We Go."

24. Kido was the Conference Chairman of the session entitled "Organic Light-Emitting Devices 11." Dr. Ching Tang ("Tang") Tetsuo Tsutsui ("Tsutsui"), a Professor at Kyushu University in Japan, was the Committee Chairman of the session entitled "Materials 11." "Polymer Semiconductors." Both gave lectures at the Conference.

25. Many of the Conference presentations were given by session chairpersons who are also professors and/or known scholars in the disciplines relevant to OLED, semiconductors and other related technology.

4

26.    Like Kido, ~~Tang~~ Tsutsui was a session chairperson at the Conference and widely known by those skilled in the art for his research in OLED devices.

27.    Kido's presentation generally covered the materials and structure of OLEDs, their physics and the chronological progress of their performance over time.

28.    The presentation by Kido addressed the structure of OLEDs and focused on the physics and molecular structure of known OLEDs including the application of chemical doping using doped organic materials to provide chemically doped interfaces.

29.    Kido's presentation addressed the need for balanced carrier injection of electrons and holes between the cathode and anode ~~though~~ through the organic layers of the OLED.

30.    During the presentation, Kido revealed an entirely new concept referred to as "Multi-Photon Emission" in a discussion under the heading of "new technologies".

31.    The concept of "Multi-Photon Emission" was introduced to set it apart and contradict the conventional understanding in the industry at that time that the theoretical limit of quantum efficiency of OLED devices was 100%.

32.    Prior to Plaintiff's Invention, it was understood that only one photon could be generated per electron. That theoretical limit of one photon per electron limited any known electroluminescent device, including an OLED, regardless of its structure and independent of its material composition.

33.    Kido's new concept embodied in Plaintiff's Invention permits quantum efficiencies of 100% and over up to e.g., more than 10 times what was considered to have been theoretically possible at the time of the Conference.

34.    Plaintiff's Invention not only increases brightness by increasing photon output, but also substantially increases the lifetime limitations of OLED devices.

35.    ~~Tang~~Tsutsui attended Kido's presentation at the Conference.

5

36.    A "question and answer" session followed Kido's presentation, at which time the concept underlying the subject of "Multi-Photon Emission" was directly challenged. The audience was made up of acknowledged experts in the field of OLED devices. Members of the audience were skeptical of the new concept of Multi-Photon Emission in that the concept directly contradicted the then conventional understanding of the physics of an OLED device.

37.    ~~Tang~~Tsutsui questioned Kido as to whether Kido was certain that such high quantum efficiencies were possible. Kido made clear that he had been able to build devices that substantiated the concept of Multi-Photon Emission that his presentation addressed.

38.    At the end of the "question and answer" session and the later discussions, the concept of "stacking" to attain and increase quantum efficiency above 100% was discussed .

39.    After Kido's presentation, Kido, ~~Tang~~Tsutsui and others discussed the Multi-Photon Emission and how such high quantum efficiencies were possible from an OLED.

40.    Further, the concept of using interlayer(s) to provide balanced electron injection and hole injection was discussed during and after the presentation.

41.    ~~Tang~~Tsutsui continued to press Kido, for hours after the presentation, ~~to~~for details and proof that "Multi-Photon Emission" could be achieved and to provide further explanation of the concepts that Kido only had described generally in his presentation.

42.    It was after the presentation, when ~~Tang~~Tsutsui pressed Kido for further explanation and information of the concepts, that the subjects of "stacking" and the selection of the ~~an~~ interlayer(s) to provide balanced injection of electrons and holes were drawn out by ~~Tang~~Tsutsui.

43. Kido was ~~tricked~~induced into disclosing certain details, when ~~Tang~~Tsutsui pressed him for details and explanations after his presentation had concluded.

44. Both stacking and the proper selection of the~~use of suitable~~ interlayer(s) are necessary to achieve Multi-Photon Emission ~~and~~with a quantum efficiency above 100% and to achieve up to or greater than 10 times the conventional device life.

### DEFENDANT'S MISAPPROPRIATION OF PLAINTIFFS' INVENTION

45. On ~~February 15, 2002, Kodak~~December 4, 2002, SEL filed a Patent Application in the USPTO Serial No. ~~101077,270~~10/309,843 that was published as Pub. No. US ~~200310170491~~2003/0127967 A1 on July 10, 2003 (hereafter "Tsutsui '843"). ~~on September 11, 2003 and issued on March 29, 2005 as US Patent No. 6,872,472 ("Liao '472"). Tang is a listed inventor on the Liao '472 patent.~~

~~46. On October 9, 2002, Kodak filed another Patent Application, filed as a continuation of the Liao '472 patent, in the USPTO Serial No. 20021267252 that issued on April 6, 2004 as Patent No. 6,717,358 ("Liao '358"). Tang also is listed as an inventor and this patent is based largely on the Plaintiff's Invention.~~

46. Subsequent to filing the Tsutsui '843 patent application, SEL has filed further patent applications derivative of the Tsutsui '843 patent application, including, but not limited to, continuation, continuation-in-suit and divisional patent applications (the "SEL Derivative Patent Applications").

~~47. On May 13, 2003, Kodak filed another Patent Application, filed as a continuation of the Liao '472 patent, in the USPTO Serial No. 20041437105 that issued on August 30, 2005 as Patent No. 6,936,961 ("Liao '961"). Tang also is listed as an inventor and this patent application is based largely on the Plaintiff's Invention.~~

~~48. On September 2, 2004, Kodak filed another continuation Patent Application, filed as a continuation of the Liao '472 patent, in the USPTO Serial No. 200310932761 that was published as Pub. No. US 20050029933 on February 10,~~

~~2005 ("Liao '761"). Tang also is listed as an inventor and this patent application is~~
~~based largely on the Plaintiff's Invention.~~

49. 47.  ~~Kodak~~SEL new, or reasonably should have known, at the time it filed
the application for the Tsutsui '843 ~~Liao '472 patent, the Liao '761 continuation patent~~
~~application and the~~ patent application ~~that ultimately matured into the Liao '358 and~~
~~Liao '961 patents with the USPTO~~ that Kido was the inventor of the novel concepts and
ideas embodied in ~~those~~that applications.

48.    SEL knew, or reasonably should have known, at the time it filed the
application for the SEL Derivative Patent Applications that Kido was the inventor of
many, if not all, of the novel concepts and ideas embodied in those applications.

~~50. If Kodak had truthfully disclosed to the USPTO that Kido was the inventor of~~
~~the novel concepts and ideas embodied in the applications for that ultimately mature~~
~~into the Liao '472, Liao '358 or Liao '961 patents, the USPTO would not have granted~~
~~Kodak those patents.~~

51. 49.  If ~~Kodak~~SEL had truthfully disclosed to the USPTO that Kido was the
inventor of the novel concepts and ideas embodied in the Tsutsui '843 patent
application and the SEL Derivative Patent Applications~~application for the Liao '761~~
~~patent~~ or if ~~Kodak~~SEL now disclosed that fact to the USPTO prior to grant, the USPTO
would reject that patent application and refuse to grant registration.

52. 50.  The concepts expressed in Kido's presentation correspond directly to
the subject matter contained in the Tsutsui '843 patent application and the SEL
Derivative Patent Applications.~~that ultimately matured into the Liao '472 patent and~~
~~correspond to significant portions of the Liao '761 continuation patent application and~~
~~the Liao '358 and Liao '961 patents.~~

53. 51.  Many of the concepts discussed in the "question and answer" session
following Kido's presentation and discussed thereafter at the Conference correspond
directly to the subject matter claimed in the Tsutsui '843 patent application and
substantially all, if not all, of the subject matter claimed in the SEL Derivative Patent

Applications. that ultimately matured into the Liao '472 patent and to significant portions of the Liao '761 continuation patent application and the Liao `358 and Liao `961 patents.

54.52.  The subject matter claimed in the Tsutsui '843 patent application and substantially all, if not all, of the subject matter claimed in the SEL Derivative Patent Applications that ultimately matured into the Liao '472 patent was not invented by any of the inventors or assigns identified in that patent application, but instead was directly taken without permission from IMES (through Kido).

55.Significant portions of the subject matter sought to be patented in the Liao `761 continuation patent application was not invented by any of the inventors or assigns identified in that patent application, but instead was directly taken without permission from IMES (through Kido). Similarly, significant portions of the subject matter claimed in the Liao '358 and Liao '961 patents was not invented by any of the inventors or assigns identified in those patents, but instead was directly taken without permission from IMES (through Kido).

56.53.  Essential features of Plaintiff's Invention are recited in the Tsutsui '843 patent application and the SEL Derivative Patent Applications.that ultimately matured into the Liao '472 patent and in the Liao '761 continuation patent application and the Liao '358 and Liao '961 patents.

57.54.  The Conference and Kido's presentation took place prior to the filing of the Tsutsui '843 patent application and the SEL Derivative Patent Applications.that ultimately matured into the Liao '472 patent and the Liao '761 continuation patent application and the applications for the Liao '358 and Liao '961 patents.

58.    The purported invention identified in the patent application that ultimately matured into the Liao '472 patent is a direct derivation of the information Tang obtained at the Conference.

59.55.  The purported inventions identified in the Tsutsui '843 patent application, as well as the SEL Derivative Patent Applications, that ultimately matured into the Liao

~~'472 patent, the Liao '761 continuation patent application and the patent application~~ ~~that ultimately matured into the Liao '358 and Liao '961 patents~~ recites and/or relies upon not only the general concepts Kido discussed in the main presentation and that were raised in the "question and answer" period, but also recites the information that ~~Tang~~Tsutsui improperly obtained when he pressed Kido for information over the course of several hours after the presentation had ended.

~~60.    The Liao '761 continuation patent application and the Liao '358 and Liao '961 patents are or were continuation applications based on the Liao '472 patent and Plaintiff's Invention.~~

~~61.~~56.  After learning of Plaintiff's Invention and pressing him for details at the Conference, ~~Kodak~~SEL raced to file a patent application in the USPTO based upon Kido's description of Plaintiff's Invention.

~~62.    The patent application that ultimately matured into the Liao '472 patent was filed a mere twelve (12) weeks after the Conference.~~

~~63.~~57.  Neither Tsutsui '843 ~~The~~ patent application nor any of the SEL Derivative Patent Applications ~~that ultimately matured into the Liao '472 patent does not~~ identify or disclose that (a) IMES ~~as an~~ is the inventor, owner or assignee, or (b) their basis in the Kido '952 patent application ~~or (c) Plaintiff's Invention~~.

~~64.    The Liao '761 continuation patent application and the applications for the Liao '358 and Liao '961 patents also do not identify or disclose (a) IMES as an inventor, owner or assignee, (b) the Kido '952 patent application or (c) Plaintiff's Invention.~~

~~65.~~58. The USPTO's publication of the Tsutsui '843 patent application ~~that ultimately matured into the Liao '472 patent~~ was the first disclosure of any information indicating that ~~Kodak~~SEL had misappropriated and taken for its own advantage Plaintiff's Invention and/or any of the ideas and concepts forming the basis of that invention.

66.59. Plaintiff never granted ~~Tang~~Tsutsui or ~~Kodak~~SEL permission or authorization to use any of the information or concepts they obtained from Kido at the Conference.

67.60. Plaintiff never granted ~~Tang~~Tsutsui or ~~Kodak~~SEL permission or authorization to file a patent application for any of the information or concepts they obtained from Kido at the Conference.

68.61. Plaintiff never granted ~~Tang~~Tsutsui or ~~Kodak~~SEL permission or authorization to claim ownership in or inventorship of any of the information or concepts they obtained from Kido at the Conference.

69.62. The inventions claimed in the Tsutsui '843 patent application that ~~ultimately matured into the Liao '472~~ were, upon information and belief, derived and appropriated from the concepts developed and invented by Kido and assigned to IMES.

70.63. If ~~Kodak~~SEL is permitted to maintain and continue to prosecute the Tsutsui '843 patent application and the SEL Derivative Patent Application~~the Liao '472 patent~~, ~~Kodak~~SEL would thereby retain an exclusive right to the claimed invention therein as against the World, including Plaintiff.

71.    ~~Similarly, if Kodak is permitted to maintain the Liao '358 and Liao '961 patents, which are based on the patent application that ultimately matured into the Liao '472 , Kodak would thereby retain an exclusive right to the claimed invention therein as against the World, including Plaintiff.~~

72.64. If the Tsutsui '843~~Liao '761 continuation~~ patent application or any of the SEL Derivative Patent Applications~~, also based on the patent application that ultimately matured into the Liao '472 patent,~~ is granted, it will be an exclusive right to the claimed invention therein as against the World, including Plaintiff.

### ~~KODAK'S CONTINUED ACTS OF UNFAIR COMPETITION~~

73.    ~~Even subsequent to IMES filing of this lawsuit, Kodak has continued to misappropriate confidential information from IMES.~~

74. IMES has suggested an interference to the USPTO with the Liao '270 patent, pursuant to the USPTO rules.

75. Ordinarily, material submitted by a party in support of declaring an interference proceeding is kept confidential by the USPTO unless and until such time as the USPTO requires the need for an exchange of the confidential material on an attorneys-eyes-only basis with another party to the interference following the declaration of an interference proceeding in the manner prescribed by the USPTO. At no time are such confidential documents made available to the public.

76. On or around March 3, 2005, IMES filed such a document, entitled "Suggesting An Interference Under 37 CFR 41.202" ("Request"), with the USPTO.

77. As a part of the Request, IMES submitted two confidential appendices, namely, Appendix D and E and attachments thereto ("Confidential Material"), explaining certain facts and revealing additional proprietary and trade secret information of IMES..

78. The Confidential Material consisted of confidential information pertaining to the invention of the technology at issue and the derivation of the same from IMES by Kodak and by other parties.

79. The Confidential Material was filed with the USPTO under seal in a separate envelope marked "Confidential".

80. There are several references to the confidential status of Appendix D and E and their attachments in the Request. The Request states that: (1) "All of the facts underlying the disclosure ... and the surrounding circumstances are set forth in an accompanying submission identified as Appendix D attached hereto in a sealed envelope and marked confidential;" (2) "The evidence of an actual reduction to practice by Kido `952 is included herewith in the attached Appendix E, and marked confidential;" and (3) "Applicant requests that Appendix E be treated as confidential and not be entered into the record as part of the file history otherwise available to the public."

81. Appendix D sets forth in the very first paragraph, "Applicant respectfully requests that the US Patent and Trademark Office treat this Appendix D and the material contained herein as confidential and not as part of the file which is otherwise subject to publication."

82. Unfortunately, the USPTO did place Confidential Material on its publicly available Web site for a short period of time.

83. Upon receipt of the motion to dismiss dated May 12, 2006 filed by Kodak ("Kodak's Motion"), and following notification by counsel for Kodak that the Confidential Material was publicly available on the USPTO's PAIR system, IMES contacted the USPTO to inform them that the USPTO had erroneously made IMES' confidential documents available to the public on the Public PAIR System.

84. IMES only learned of this error when it received Kodak's Motion that attached Appendix D as exhibits and was filed directly onto this Court's publicly available Electronic Case Filing database.

85. Promptly, on June 2, 2006, the USPTO issued a letter of apology stating that, "This letter serves as notice that the materials and remarks in the Artifact folder filed on 03 March 2005, that were to remain confidential, were inadvertently made public on the Public PAIR System." It further stated "The documents have since been removed from the public system, and the Office apologizes for the any [sic inconvenience caused by the error."

86. IMES also notified Kodak that the Confidential Material should be removed from publicly available Web sites and demanded that Kodak immediately cease and desist from all use of that material and any of the information contained therein. IMES further demanded that Kodak withdraw those portions of its Motion that attached or referenced any material from the Confidential Material; provide a list of all persons Kodak knows have had access to the Confidential Material or the information contained therein; return all copies of the Confidential Material; and identify any documents referring to or incorporating any of the information in the Confidential Materials.

87. ~~Instead, Kodak filed a motion to seal its Motion and, subsequently, filed a public version of that Motion.~~

88. ~~Kodak obtained the Confidential Material from the USPTO's Web site.~~

89. ~~On information and belief, Kodak and/or its counsel knew that the Confidential Material was confidential at the time it downloaded the materials.~~

90. ~~Kodak and/or its counsel improperly attached Appendix D and attachments to Kodak's Motion.~~

91. ~~Kodak and or its counsel improperly relied upon Appendix D and attachments in moving to dismiss the original complaint.~~

92. ~~On information and belief, Kodak has compounded any damage that may have been caused by the USPTO's error by using Appendix D and attachments when it knew they were confidential documents.~~

93. ~~Kodak compounded any damage that may have been caused by the USPTO's error by filing Appendices D and attachments on a publicly available Web site when it knew it was a confidential document.~~

94. ~~These actions have further damaged IMES in an amount to be determined at trial.~~

### KODAK'S ACTIONS HAVE HARMED IMES

~~95.~~ 65. ~~Kodak's~~SEL's filing of the Tsutsui '843 patent application, and its subsequent filing of each of the SEL Derivative Patent Applications, ~~that ultimately matured into the Liao '472 patent and Kodak's prosecution of the Liao '761 continuation patent application~~ has constituted and continues to constitute an ongoing attempt to exclude IMES from using its own invention.

~~96.~~ 66. ~~Kodak's~~SEL's maintenance and any use by ~~Kodak~~ SEL of the Tsutsui '843 patent application, or any of the SEL Derivative Patent Applications, ~~that ultimately matured into the Liao '472 patent , the Liao '358 patent and the Liao '961 patent~~ has

constituted and continues to constitute an ongoing attempt to exclude IMES from using its own invention.

97.67. Plaintiff's Invention is the primary asset that constitutes a substantial portion of its corporate value. Kodak'sSEL's unauthorized appropriation of Plaintiff's Invention and the ideas and concepts on which the invention is based, Kodak's SEL's filing of the Tsutsui '843 patent application and, that ultimately matured into the Liao '472 patent, the filing of the Liao '761 continuation patent application and, in particular, the publication of thatthose applications all have had serious adverse financial effects on Plaintiff.  The filing of each of the SEL Derivative Patent Applications has had similar adverse financial effects on Plaintiff.

98.    Similarly, the grant of both the Liao '358 and Liao '961 patents has had serious adverse financial effects on Plaintiff.

99.68. Kodak's SEL's unauthorized appropriation of Plaintiff's Invention and the ideas and concepts on which the invention is based, Kodak's SEL's filing of the Tsutsui '843 patent application that ultimately matured into the Liao '472 patent, Kodak's filing of the Liao '761 continuation patent application and, in particular, the publication of thatthose patent applications and the filing of the SEL Derivative Patent Applications all have caused the diminution in value of Plaintiff's Invention and of Plaintiff corporation as a whole.

100.69. Kodak's SEL's injurious falsehood in claiming that Tang Tsutsuiis the inventor of patents that include Plaintiff's Invention, including the Tsutsui '843 patent application and the SEL Derivative Patent ApplicationsLiao '472 patent, the Liao '358 and Liao '961 patents and the Liao '761 application, has placed a cloud over IMES ownership of Plaintiff's Invention and caused the diminution in value of Plaintiff's Invention and of Plaintiff corporation as a whole.

101.70. Similarly, the publication of the Tsutsui '843 patent application hasissuance of both the Liao '358 and Liao '961 patents have caused the diminution in value of Plaintiff's Invention and of Plaintiff's corporation as a whole.

~~102.~~71.  Plaintiff will suffer further damages if <u>the Tsutsui '843 patent application, or any of the SEL Derivative Patent Applications, issues as a patent</u>~~Kodak is permitted to maintain the patent application that ultimately matured into the Liao '472 patent~~.

~~103.    Plaintiff will suffer even further damages if the Liao '761 continuation patent application is granted.~~

~~104.~~72.  ~~Kodak~~<u>SEL</u> has been unjustly enriched to the detriment of Plaintiff.

~~105.~~73.  Plaintiff has been damaged in an amount to be determined at trial.

## COUNT 1
### (Unfair Competition)

~~106.~~74.  Plaintiff repeats and realleges the allegations contained in paragraphs 1-<u>73</u>~~105~~ herein, inclusive.

~~107.~~75.  The ideas and concepts developed by Plaintiff that underly Plaintiff's Invention were novel at the time they were developed and at the time of the Conference. They remain novel today.

~~108.~~76.  IMES had a confidential relationship with Kido.

~~109.~~77.  ~~Tang~~<u>Tsutsui</u> publicly questioned <u>Dr. Kido and asked what was required of an electroluminescent device to achieve "Multi-Photon Emission," challenging the veracity of</u> ~~and challenged whether~~ Kido's novel ideas and concepts ~~were even scientifically possible~~.

~~110.~~78.  In the excitement to dispel the skepticism of his peers<u> regarding the scientific feasibility of Kido's novel ideas and concepts</u>, Dr. Kido answered ~~Tang's~~<u>Tsutsui's</u> questions that challenged the very basis of Kido's invention. Kido's answers, when combined with the information of Kido's presentation, provided certain confidential and trade secret information of IMES.

~~111.~~79.  ~~Tang~~<u>Tsutsui</u> and ~~Kodak~~<u>SEL</u> did this in order to misappropriate IMES' confidential information and, ultimately, Plaintiff's Invention.

~~112.~~80. Prior to the time of the Conference, Defendant had been unaware of the novel ideas and concepts developed by the Plaintiff.

81.    IMES invested several million dollars in researching and developing the ideas and concepts embodied in the Plaintiff's Invention.

82.    Upon information and belief, by misappropriating and taking for itself the novel concepts and ideas embodied in the Plaintiff's Invention, SEL was able to compile and file the Tsutsui '843 patent application with minimal if any investment in research and development.

83.    By misappropriating the novel concepts and ideas embodied in the Plaintiff's Invention, SEL effectively misappropriated IMES research and development and the resources expended by IMES in reaching the development of the Plaintiff's Invention.

84.    Defendants has caused direct and proximate harm to IMES by misappropriating the ideas and concepts embodied in the Plaintiff's Invention.

~~113.~~85. Defendant knowingly appropriated for itself Plaintiff's Invention and the ideas and concepts that underlay that invention.

~~114.~~86. Defendant has misappropriated the ideas and concepts forming the basis of Plaintiff's Invention in bad faith.

~~115.~~87. Defendant used those misappropriated ideas and concepts to file the Tsutsui '843 patent application ~~that ultimately matured into the Liao '472 patent and the Liao '761 continuation patent application and the applications that ultimately matured into the Liao '358 and Liao '961 patents~~.

~~116.~~88. Defendant's filing of the Tsutsui '843,~~patent application that ultimately matured into the Liao '472 patent,~~ which is based on the novel ideas and concepts relating OLED technology developed exclusively by Kido and assigned to IMES, was

intended to deprive Kido and IMES of the right to the use of that proprietary information, and constitutes unfair competition and an unfair trade practice.

117.Defendant's subsequent filing of the continuation patent applications, including the Liao `761 continuation patent application and the applications for the Liao `358 and Liao `961 patents, also constitutes unfair competition and an unfair trade practice.

118.89.  Plaintiff first learned that Defendant had misappropriated the ideas and concepts forming the basis for Plaintiff's Invention afterwhen the USPTO published the Tsutsui '843 patent application that ultimately matured into the Liao `472 patent, disclosing the claims in that application.

119.90.  Defendant Kodak'sSEL's pirating and use of the concepts, ideas and invention developed by IMES and Kido and Kodak'sSEL's claim of exclusive ownership of those ideas, concepts and invention is actionable under the law of unfair competition.

120.91.  Defendant's attempt to monopolize for its own use and exploitation novel ideas and concepts and an invention embodying those ideas and concepts, when in fact it obtained them from Plaintiff, is actionable under the law of unfair competition.

121.92.  Defendant's filing of the Tsutsui '843 patent application that ultimately matured into the Liao `472 patent constitutes, among other things, misappropriation of Plaintiff's novel ideas and concepts and Plaintiff's Invention.

122.   Defendant's filing of the Liao `761 continuation patent application and the patent application that ultimately matured into the Liao `358 and Liao `961 patents also constitutes, among other things, further misappropriation of Plaintiff's novel ideas and concepts and Plaintiff's Invention.

123.93.  Upon information and belief, Defendant intends to use the Tsutsui '843Liao `472 patent, the Liao `358 and `961 patents and the Liao 761 continuation patent application and each of the SEL Derivative Patent Applications, which, if ultimately granted, would enable Defendant or Defendants' licensees to compete against

Plaintiff and exclude Plaintiffit from selling products that include the novel ideas and concepts developed by Plaintiff.

124.   Upon information and belief, Defendant also is using or intends to use the Liao '358 and Liao '961 patents to compete against Plaintiff and exclude it from selling products that include the novel ideas and concepts developed by Plaintiff.

125.94.  Plaintiff has been damaged in an amount to be determined at trial and, with respect to continuing prosecution of the Tsutsui '843 patent application and the SEL Derivative Patent Applications, that ultimately matured into the Liao '472 patent and Liao '761 continuation patent application, Plaintiff has no adequate remedy at law and therefore is entitled to injunctive relief.

126.   Plaintiff has been damaged in an amount to be determined at trial and, with respect to the continuing registration of and any rights granted by registration of the Liao '358 and Liao '961 patents, Plaintiff has no adequate remedy at law and therefore is entitled to injunctive relief.

144.95.  Plaintiff also seeks a constructive trust over the Liao '472Tsutsui '843 patent application, the SEL Derivative Patent Applications and all other U.S. or foreign patents or patent applications that correspond in whole or in part to the Liao '472Tsutsui '843 patent application, together with all U.S. and foreign patents or patent applications that embody Plaintiff's Invention or the confidential and proprietary ideas and concepts that form the basis of that invention; and for an accounting of all benefits realized by KodakSEL as a result of the use of any of those patents or patent applications or the misappropriation of Plaintiff's Invention or the confidential and proprietary ideas and concepts that form the basis of that invention.

145.96.  Plaintiff's Invention and the ideas and concepts that form the basis of that invention constitute intangible property that belongings to Plaintiff.

146.   Plaintiff has never given Defendant permission to use or appropriate Plaintiff's Invention or the ideas and concepts forming the basis of that invention.

147.97.  Defendant improperly obtained confidential information about Plaintiff's Invention through acts of unfair competition.

148.98.  Defendant's unpermitted use of and unpermitted appropriation of Plaintiff's Invention or the ideas and concepts forming the basis of that invention constitutes unfair competitiona wrongful act for all of the reasons stated in the foregoing allegations.

99.    Defendant misappropriated and wrongfully has taken for its own use Plaintiff's intangible property that is traceable to Plaintiff.

149.100.  The Liao '472Tsutsui '843 patent application and each of the SEL Derivative Patent Applications discloses and invention which embodies, is derived from or is based upon Plaintiff's Invention or the ideas and concepts forming the basis of that invention.

150.   The Liao '761 continuation application and the Liao '358 and Liao '961 patents discloses that those patents and that patent application are all based on the Liao '472 patent and Plaintiff's Invention or the ideas and concepts forming the basis of that invention.

151.   Upon information and belief, Kodak and Tang misappropriated certain valuable IMES information when Tang was included as a coinventor and Kodak filed the Liao '472 patent.

152.101.  KodakSEL wrongfully misappropriated Plaintiff's Invention and the ideas and concepts upon which that invention is based and wrongfully gained an ownership interest in that invention through the purported assignment of the Liao '472Tsutsui '843 patent application. KodakSEL also wrongfully acquired the SEL Derivative Patent Applications and all other U.S. or foreign patents or patent applications that embody Plaintiff's Invention or the confidential and proprietary ideas and concepts that form the basis of that invention. These patent and patent applications are rightfully the property of IMES.

153.    Kodak's acts have resulted in unjust enrichment, to the detriment of IMES and to the unfair benefit of Kodak.

102.    For numerous reasons, including that the ideas and concepts upon which the Tsutsui '843 patent application is based were invented by Kido and are owned by IMES, that the Tsutsui '843 patent application contains or embodies the Plaintiff's Invention, that each of the SEL Derivative Patent Applications also are based on those ideas and concepts invented by Kido, that SEL and Tsutsui only learned of those ideas and concepts embodied in the Plaintiff's Invention by wrongly taking them from Kido at the Conference and did not develop or invent them independently, that SEL now seeks to obtain a patents for those ideas and concepts in order to keep IMES from using Plaintiffs Invention and that SEL fraudulently misrepresented to the USPTO that it owned all of the novel ideas and concepts in the Tsutsui '843 patent application and the SEL Derivative Patent Applications and, thereby, obtained publication of the Tsutsui '843 patent application and many of the SEL Derivative Patent Applications, SEL should not, in good conscience, be allowed to keep or claim ownership of or right in the Tsutsui '843 patent application.

### COUNT II
### (Injurious Falsehood)

127.103.  Plaintiff repeats and realleges the allegations contained in paragraphs 1-73105 herein, inclusive.

128.104.  Kodak SEL falsely identified TangTsutsui as the inventor of the Tsutsui '843 Liao '472 patent, the Liao '761 continuation patent application and the patent application that ultimately matured into the Liao `358 and Liao `961 patents, which all incorporates Plaintiff's Invention.

129.105.  Kodak SEL knew, or reasonably should have known, that Kido was the inventor of the novel concepts and ideas comprising Plaintiff's Invention embodied in the Tsutsui '843 patent application that ultimately matured into the Liao '472 patent, the Liao '761 continuation patent application and the patent applications that ultimately matured into the Liao '358 and Liao `961 patents.

~~130.~~106.  The Tsutsui '843 patent ~~Kodak's~~ application~~s for each of the patents at~~ ~~issue~~ state on its ~~their~~ face that:

> I/we believe that I/we am/are the original and first inventor(s) of the subject matter which is claimed and for which a patent is sought;
>
> \*                    \*                    \*
>
> All statements made herein of my/own knowledge are true, all statements made herein on information and belief are believed to be true, and further that these statements were made with the knowledge that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and may jeopardize the validity of the application or any patent issuing thereon.

~~131.~~107.  After these above declarations, the patent application requires a signature affirming the truth of the representations made in the application.

108.   The applications for each of the SEL Derivative Patent Applications contain the same above declarations and a signature affirming the truth of the representations made in the application.

~~132.~~109.  ~~Each of Kodak's~~ SEL's Tsutsui '843 ~~applications for the Liao '472 patent,~~ ~~the Liao '358 and '961 patents and the Liao '761 continuation~~ patent application ~~affirmatively~~ stated~~s~~ that ~~Tang~~Tsutsui and others, but not Kido, were the inventors and that IMES is the owner of the novel concepts and ideas comprising Plaintiff's Invention embodied in the patent application~~s~~.

110.   None of the SEL Derivative Patent Applications identifies Kido as the inventor or IMES as the owner of the novel concepts and ideas comprising Plaintiff's Invention embodied in those patent applications.

111.   SEL's filing of the Tsutsui patent application and each of the SEL Derivative Patent Applications constitutes unprivileged publication of false statements concerning plaintiff's intangible property, including Plaintiff's Invention and the concepts and ideas embodied in that invention.

133.112.  ~~Kodak's~~ SEL's ~~false~~ representation to the USPTO was made with knowledge ~~malice towards IMES~~ and/or reckless disregard of the falsity of its statements and representations.~~for the truth.~~

134.113.  ~~Upon information and belief, Defendant intends to use the Liao `472 patent, the Liao '358 and `961 patents and the Liao '761 continuation patent application, if ultimately granted,~~ If the Tsutsui `843 patent application or any of the SEL Derivative Patent Applications were to issue as a patent , it would enable the Defendant and/or its licensees to compete against Plaintiff and exclude it from selling products that include the novel ideas and concepts comprising Plaintiff's Invention.

~~135.  Upon information and belief, Defendant also is using or intends to use the Liao `358 and Liao '961 patents to compete against Plaintiff and exclude it from selling products that include the novel ideas and concepts comprising Plaintiff's Invention.~~

136.114.  ~~Kodak's~~ SEL's misrepresentation and failure to identify the true inventor of the novel ideas comprising Plaintiff's Invention embodied in the Tsutsui '843 patent application and each of the SEL Derivative Patent applications ~~that ultimately matured into the Liao `472 patent, the Liao '761 continuation patent application and the patent application that ultimately matured into the Liao '358 and Liao `961 patents~~ was a material misrepresentation upon which the USPTO has acted.

137.115.  If ~~Kodak~~ SEL had truthfully disclosed to the USPTO that Kido was the inventor of the novel concepts and ideas comprising Plaintiff's Invention embodied in the Tsutsui '843 patent application and each of the SEL Derivative Patent Applications, ~~that ultimately matured into the Liao '472 patent, the Liao '761 continuation patent application and the patent application that ultimately matured into the Liao `358 and Liao `961 patents,~~ the USPTO would not have published that patent application and would have rejected those applications.~~granted Kodak the patent for the Liao '472, Liao `358 or Liao '961 patents.~~

138.116.  The USPTO relied upon ~~Kodak's~~ SEL's misrepresentation.

117. As described in the foregoing allegations herein, SEL's false representations to the USPTO proximately caused harm to IMES SEL, the sole and rightful owner of the novel concepts and ideas embodied in Plaintiff's Invention.

~~139.~~118. ~~Kodak's~~ SEL's filing of the Tsutsui '843 patent application and each of the SEL Derivative Patent Applications ~~that ultimately matured into the Liao '472 patent, the Liao '761 continuation patent application and the patent applications that ultimately matured into the Liao '358 and Liao '961 patents~~ constitutes, among other things, an injurious falsehood against IMES.

~~140.~~119. ~~Kodak's~~ SEL's injurious falsehoods made in filing the Tsutsui '843 ~~Liao '761 continuation~~ patent application and each of the SEL Derivative Patent Applications ~~the patent application that ultimately matured into the Liao '358 and Liao '961 patents~~ also constitute, among other things, further misappropriation of Plaintiff's novel ideas and concepts and Plaintiff's Invention.

~~141.~~120. Plaintiff has been damaged in an amount to be determined at trial and, with respect to continuing prosecution of the Tsutsui '843 patent application and each of the SEL Derivative Patent Applications, ~~that ultimately matured into the Liao '472 patent and Liao 761 continuation patent application,~~ Plaintiff has no adequate remedy at law and therefore is entitled to injunctive relief, including, not limited to, rejection of Tsutsui '843 ~~invalidation of the Liao '472 patent and rejection of Liao '761~~ patent application by the USPTO.

~~142. Plaintiff has been damaged in an amount to be determined at trial and, with respect to the continuing registration of and any rights granted by registration of the Liao '358 and Liao '961 patents, Plaintiff has no adequate remedy at law and therefore is entitled to injunctive relief, including, not limited to, invalidation of the Liao '358 and Liao '961 patents by the USPTO.~~

~~COUNT III~~
~~(Constructive Trust)~~

~~143. Plaintiff repeats and realleges the allegations contained in paragraphs 1-105 herein, inclusive.~~

[Kodak Compl. ¶¶ 144-53 moved to ¶¶ 95-102 in SEL Compl.]

**WHEREFORE**, Plaintiff respectfully prays for:

With respect to Count I, that this Court:

(1)     Award Plaintiff monetary damages in excess of <u>$30 million</u> $50 million and in an amount to be determined at trial;

(2)     Preliminarily and permanently enjoin Kodak <u>SEL</u> from prosecuting, pursuing or using the <u>Tsutsui '843</u> patent application <u>and each of the SEL Derivative Patent Applications</u> that ultimately matured into the Liao `472 patent, the Liao `358 patent, the Liao `961 patent or the Liao `761 patent application and order it to assign immediately to IMES the Liao `472 patent, the Liao `358 patent and the Liao `961 patent, and to either <u>to</u> withdraw immediately with prejudice or assign immediately to IMES <u>all of those</u> the Liao `761 patent applications;

(3)     Preliminarily and permanently enjoin Kodak from:

(a)     using in any manner, including referring to, incorporating, or generating other documents using in any manner, the materials, or documents incorporating materials, and/or information contained in Appendix D and E to the document entitled "Suggesting An Interference Under 37 CFR 41.202" and attachments thereto; and

(b)     disseminating or circulating, whether in electronic format or hard copy or otherwise: (i) Appendix D and E to the document entitled "Suggesting An Interference Under 37 CFR 41.202" and attachments thereto, and (ii) any information contained in those documents, or materials incorporating said information; and

(4)     Issue a further Order that:

(a)     Kodak's Motion To Dismiss IMES' Complaint, dated May 12, 2006, and the accompanying Declaration of Robert F. Kramer, Esq. dated May 12, 2006, and Kodak's Memorandum of Law, dated May 12, 2006, be stricken;

~~(b)    Kodak provide IMES with a list of Kodak personnel who have had access to the information contained in Appendix D or E or attachments thereto, with their addresses and titles;~~

~~(c)    Kodak provide IMES with a list of all persons whom Kodak does not consider to be its personnel who have had access to Appendix D or E, or attachments thereto, or information contained in these materials, as a result of Kodak's possession of, or access to, Appendix D or E, or attachments thereto;~~

~~(d)    Kodak remove from circulation, and send to IMES, all copies, whether in print, electronic format, or other form, of Appendix ID and E and attachments thereto;~~

~~(e)    Kodak permanently removed from electronic storage all copies or recordation of Appendix D or E or the attachments thereto, and the information contained in those documents; and~~

~~(f)    Kodak identify to IMES materials or documents referring to, incorporating, or generated using, the materials and/or information contained in Appendix D and E and attachments thereto, and provide to IMES all copies of each such identified material or document; and~~

~~(5)~~(3)  Award attorneys' fees and costs associated with this lawsuit; and ~~the Interference; and~~

~~(6)~~(4)  Award all other and further relief as the Court deems just and proper.

With respect to Count II, that this Court:

(1)  Award Plaintiff monetary damages in excess of $30 million ~~$50 million~~ and in an amount to be determined at trial;

(2)  Preliminarily and permanently enjoin ~~Kodak~~ SEL from prosecuting, pursuing or using the Tsutsui '843 patent application or any of the SEL Derivative Patent Applications, ~~that ultimately matured into the Liao '472 patent, the Liao '358 patent, the Liao '961 patent or the Liao '761 patent application and order it to assign immediately to IMES the Liao '472 patent, the Liao '358 patent and the Liao '961 patent,~~ and either to ~~either~~

withdraw immediately with prejudice or assign immediately to IMES ~~the Liao `761~~ all of those patent application~~s~~;

(3) Award attorneys' fees and costs associated with this lawsuit ~~and the Interference~~; and

(4) Award all other and further relief as the Court deems just and proper.

With respect to both Counts I & II, ~~Count III,~~ that this Court:

(1)    Order that ~~Kodak~~ SEL account for and pay over to IMES all revenues or other benefits obtained or that will be obtained by ~~Kodak's~~ SEL in connection with the Tsutsui '843 ~~Liao `472 patent, the Liao `358 patent, the Liao `961 patent or the Liao `761~~ patent application or any of the SEL Derivative Patent Applications, together with any other U.S. or foreign patent or patent application that embodies Plaintiff's Invention or the confidential and proprietary ideas and concepts that form the basis of that invention;

(2)    Order that IMES is the owner of any right, title or interest in the Tsutsui '843 patent application and each of the SEL Derivative Patent Applications that SEL ~~Liao `472 patent that Kodak~~ had or has, and that ~~Kodak~~ SEL and the named inventors on that patent application must assign to IMES all other U.S. or foreign patents or patent applications that embody Plaintiff's Invention or the confidential and proprietary ideas and concepts that form the basis of that invention; and for an accounting of all benefits realized by ~~Kodak~~ SEL as a result of the use of any of those patents or patent applications or the misappropriation of Plaintiff's Invention or the confidential and proprietary ideas and concepts that form the basis of that invention;

~~(3)    Preliminarily and permanently enjoin Kodak to eliminate the unlawful commercial advantage that Kodak derived from its unfairly competitive acts;~~

~~(4)~~(3)  Order that a constructive trust be imposed in favor of IMES for the Tsutsui '843 patent application and each of the SEL Derivative Patent Applications, ~~Liao `472 patent, the Liao `358 patent, the Liao `961 patent or the Liao '761 patent application,~~ together with any other U.S. or foreign patent or patent application that embodies Plaintiff's Invention or the confidential and proprietary ideas and concepts that form the basis of that invention and for all unlawful use~~s~~ by IMES ~~Kodak~~ of any of those patents or patent applications or the misappropriation of Plaintiff's Invention or the confidential and

proprietary ideas and concepts that form the basis of that invention, including all past, present and future revenues therefrom;

(5)(4) Award IMES its costs, expenses and reasonable attorney's fees incurred in this lawsuit action; and

(6)(5) Award all other and further relief as the Court deems just and proper.


Dated: July 7, 2006 June 30, 2006        Respectfully submitted,


By:
~~David A. Einhorn, Esq.~~
~~Eugene Lieberstein, Esq.~~
Daniel J. Healy, Esq. (Bar. No. 476233)
ANDERSON KILL & OLICK, P.C.
~~1251 Avenue of the Americas~~ 2100 M Street, NW Suite 650
~~New York, New York 10020~~ Washington, DC 20037
Tel: ~~(212) 278-1000~~ (202) 218-0040
Fax: ~~(212) 278-1733~~ (202) 218-0055


Attorneys for Plaintiff


Of counsel:

David A. Einhorn, Esq.
Eugene Lieberstein, Esq.
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York 10020
Tel:  (212) 278-1000
Fax:  (212) 278-1733