UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL MANUFACTURING AND ENGINEERING SERVICES COMPANY, LTD.<br><br>       Plaintiff,<br><br>  v.<br><br>SEMICONDUCTOR ENERGY LABORATORY COMPANY, LTD,<br><br>       Defendant. | CASE NO.:  1:06-CV-1230 (JDB) |

## PLAINTIFF'S MOTION FOR STAY AND FOR EXTENSION OF TIME TO OPPOSE DEFENDANT'S MOTION TO DISMISS

Plaintiff, International Manufacturing and Engineering Services Co., Ltd., ("IMES") hereby respectfully moves this Court, based on the accompanying memorandum of law in support of this motion and Declaration of David A. Einhorn, Esq. and the exhibits thereto, for an order staying further proceedings in the instant matter pending issuance of a Notice of Allowance by the United States Patent and Trademark Office for the Defendant Semiconductor Energy Laboratory Company Ltd.'s ("SEL") patent at issue in this case and, alternatively, extending the time in which IMES may timely respond to SEL's motion to dismiss IMES' complaint until 30 days after the Court

determines IMES' motion to stay. This motion is opposed.

| | |
|---|---|
| Dated: October 31, 2006 | Respectfully submitted, |

**ON BEHALF OF PLAINTIFF**

By:  /s/ Daniel J. Healy
Daniel J. Healy, Esq. (Bar No. 476233)
ANDERSON KILL & OLICK, LLP
2100 M Street, NW, Suite 650
Washington, DC 20037
Tel: (202) 218-0040
Fax: (202) 218-0055

<u>Of Counsel</u>:
David A. Einhorn, Esq.
Eugene Lieberstein, Esq.
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 278-1000
Fax: (212) 278-1733

## CERTIFICATE OF SERVICE

      I certify that on October 31, 2006, I electronically filed the Plaintiff's Motion for Stay and for an Extension of Time to Oppose Defendant's Motion to Dismiss, together with a supporting memorandum of law, Declaration of David A. Einhorn, Esq. and Proposed Order, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF.

Michael J. McKeon, Esq.
Joshua B. Pond, Esq.
Brian T. Racilla, Esq.
Fish & Richardson, P.C.
1425 K Street, NW
Washington, D.C. 20005

Counsel for Defendant Semiconductor Energy Laboratory Co., Ltd.

      By:  /s/ Daniel J. Healy
           Daniel J. Healy, Esq. (Bar No. 476233)

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL MANUFACTURING AND ENGINEERING SERVICES COMPANY, LTD.<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>SEMICONDUCTOR ENERGY LABORATORY COMPANY, LTD,<br><br>　　　　　　　　Defendant. | CASE NO.: 1:06-CV-1230 (JDB) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR STAY AND FOR EXTENSION**
**OF TIME TO OPPOSE DEFENDANT'S MOTION TO DISMISS**

Plaintiff International Manufacturing and Engineering Services Company, Ltd. ("IMES" or "Plaintiff") by its undersigned attorneys respectfully requests that the Court stay the above-captioned proceeding pending the United States Patent and Trademark Office's ("PTO") determination regarding the pending patent application filed by Defendant Semiconductor Energy Laboratory Company, Ltd. ("SEL" or "Defendant") and grant IMES an extension of time to oppose SEL's motion to dismiss until after the Court has had an opportunity to decide IMES' instant motion for stay.

**I.　　PRELIMINARY STATEMENT**

　　　　This action arises under the law of unfair competition and injurious falsehood. In particular, SEL misappropriated IMES' proprietary ideas and concepts regarding organic light emitting diode[1] technology ("IMES' Invention") and filed and

---

[1] Organic light emitting diodes will be referred to as "OLED."

prosecuted certain patent applications that are based substantially, if not entirely, upon IMES' Invention.

SEL's patent applications regarding the OLED technology currently are pending before the PTO. At this point, the PTO has not yet determined whether SEL's application will be allowed with claims that overlap IMES' Invention. IMES filed this lawsuit because of the cloud on title to IMES Invention created by SEL's applications and in order to preserve its rights under the applicable statutes of limitation against SEL.

Given that IMES' claims of unfair competition and injurious falsehood are based in part upon one of SEL's patent applications, modifications to the claims in that application will alter the issues in this case. For example, in the PTO proceedings, SEL has requested and was permitted to add independent claims in its patent application to make them essentially the same, if not *identical* to, certain claims in IMES' own patent application for IMES' Invention. Such a modification of the application directly affects the issues in this litigation. Similarly, if SEL's patent application, or any proposed modification to that application, is accepted-in-part, rejected or fundamentally modified by the PTO, that also would directly affect the issues in this litigation, by simplifying and clarifying the issues in this case or eliminating completely the need for this case.

Accordingly, to preserve judicial economy, particularly where this case may be rendered moot by the PTO determination, this Court should stay this proceeding pending the PTO's determination regarding the patent claims sought by SEL.

Currently, IMES is required to file its opposition to SEL's motion to dismiss by November 13th. The briefing for this instant motion for a stay will not be complete until at least November 15th. In view of IMES' request for a stay of this case, it would

2

serve judicial economy as well as the interests of the parties if the time for IMES' opposition to SEL's motion to dismiss were extended until the Court has had an opportunity to decide whether or not to stay the case. Accordingly, IMES requests that the briefing schedule for SEL's motion to dismiss be suspended and the time in which IMES may timely respond to SEL's motion to dismiss the Complaint be extended until thirty (30) days after the Court determines IMES' instant motion to stay.

## II.   FACTUAL BACKGROUND

On December 4, 2002, SEL filed a Patent Application Serial No. 10/309,843 with the PTO that was published as Pub. No. US 2003/0127967 A1 on July 10, 2003 (hereafter the "'843 Patent Application").[2] Subsequent to filing the '843 Patent Application, SEL filed further patent applications derivative of that patent application, including, but not limited to, continuation, continuation-in-part and divisional patent applications.[3] On March 1, 2003, IMES filed a Patent Application Serial No. 10/393,952 in the PTO (hereafter the "'952 Patent Application").[4] As alleged in the Complaint, both the '843 Patent Application and the '952 Patent Application claim exclusive ownership of an invention that is in fact owned by IMES ("IMES' Invention").[5] As further alleged in the

---

[2] See Declaration of David A. Einhorn, Esq. In Support of IMES' Motion for a Stay dated October 26, 2006 ("Einhorn Dec.") at Ex. 1, a true and correct copy of the '843 Patent Application from the PTO Web site.

[3] See Complaint at ¶ 46.

[4] See Complaint at ¶ 18.

[5] See Complaint at ¶¶ 50-56.

3

Complaint, SEL improperly took the proprietary ideas and concepts for that invention from IMES at a conference attended by an agent or employee of SEL.[6]

On July 7, 2006, IMES filed its complaint initiating this case ("Complaint") in order to preserve its rights against SEL and before the statutes of limitations expired as to its claims against SEL. As alleged in the Complaint, the '843 Patent Application has created a cloud over IMES title to its invention and over its '952 Patent Application, which has caused and will continue to cause damage to IMES.[7] IMES' claims of unfair competition and injurious falsehood both directly relate, at least in part, to the '843 Patent Application.[8]

The '843 Patent Application has been published, but remains pending before the PTO. In fact, SEL has requested to modify certain claims in its application in a manner that will make one of its independent claims essentially the same as, if not identical to, one of the independent claims in IMES' '952 Patent Application.[9] Whether the PTO grants this amendment will directly bear upon the issues in this case. Further, the PTO may require other amendments to or may reject or otherwise modify those claims, broadening or narrowing the '843 Patent Application.

On June 21, 2006, IMES wrote to SEL and requested that the parties enter into a tolling agreement, given that the '843 Patent Application had not been allowed by the PTO.[10] SEL refused to agree to a tolling agreement and, thereby, forced

---

[6] See Complaint at ¶¶ 22-44.

[7] See Complaint at ¶¶ 65-73.

[8] See Complaint generally.

[9] See Einhorn Dec. at ex. 2, ¶ 55.

[10] See Einhorn Dec. at Ex. 3, a copy of a e-mail dated June 21, 2006 from D. Einhorn to SEL's then counsel Mark J. Murphy, Esq. of Cook Alex.

4

IMES to bring this case in order to preserve its rights, given the possible application of statutes of limitations.

IMES filed its Complaint on July 7, 2006 and SEL filed its motion to dismiss the Complaint on October 13, 2006. IMES' opposition to the motion to dismiss is currently due on November 13, 2006.[11]

## III. ARGUMENT

### A. A Stay Is Warranted Pending Patent Office Determination of SEL's Patent Application

The Court has discretion to control its own docket, including to stay an action pending before it. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988); see also *Australia/Eastern U.S.A. Shipping Conf. v. United States*, Civ. Action No. 80-1830, 1981 WL 2212, *9 (D.D.C. Dec. 23, 1981) (granting stay of action in antitrust case). Courts regularly stay cases pending the resolution of related administrative proceedings that may directly affect the issues in the cases. See *Novartis Corp. v. Dr. Reddy's Labs, Ltd.*, No. 04 Civ. 0757, 2004 WL 2368007 (S.D.N.Y. Oct. 21, 2004) (granting stay pending resolution of FDA proceedings); *Bausch & Lomb, Inc. v. Alcon Labs.*, 914 F. Supp. 951 (W.D.N.Y. 1996) (granting stay in favor of interference proceeding concerning a patent at issue); *NL Chemicals, Inc. v. Southern Clay Prods., Inc.*, Civ. Action No. 88-2620, 1989 WL 214495,*6 (D.D.C. Nov. 20, 1989) (granting a stay pending two interference proceedings concerning the patents at issue).

---

[11] IMES' opposition to the motion to dismiss was originally due on October 27, 2006. SEL declined IMES' request for a stipulation to extend time to respond until this motion to stay is resolved. SEL also declined to agree to a one month extension of that time and only agreed to a two week stipulation. By order dated October 26, 2006, the Court granted IMES' consented motion for a two-week extension of time to oppose until November 13, 2006.

5

Federal courts have routinely granted stays pending resolution of PTO proceedings because this serves judicial economy. Such stays allow federal courts to postpone litigation while the scope of the patent claims at issue are being defined. *See, e.g., Johnson & Johnson, Inc. v. Wallace A. Erickson & Co.*, 627 F.2d 57, 60 (7th Cir. 1980) (noting that patentees sometimes seek a reissue of their own patents and, where litigation of those patents was ongoing, federal courts have granted stays pending a PTO resolution); *Canady, M.D. v. Erbe Elektromedizin GmbH*, 271 F. Supp.2d 64, 68 (D.D.C. 2002) ("In fact, courts often stay proceedings, such as in the instant case, to wait for reexamination results that will simplify litigation by eliminating, clarifying, or limiting the claims.") (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988)). Otherwise, any discovery that took place may need to be retaken within the context of a broadened patent or, conversely, that discovery may later prove to have been overly broad and cumbersome within the context of a narrowed patent.

In determining whether to grant a request to stay a district court action in light of a concurrent PTO proceeding, courts have considered certain factors. Those factors include (1) whether the stay would unduly prejudice the non-moving party; (2) whether the stay would simplify the issues in question and eventual trial of the case; and (3) whether discovery is complete and a trial date has been set. *See Softview Computer Prods. Corp. v. Haworth, Inc.*, No. 97-CIV-8815 (KMW)(HBP), 2000 WL 1134471 (S.D.N.Y. Aug. 10, 2000) (citing *Xerox Corp. v. 3Com Corp.*, 69 F. Supp.2d 404, 406 (W.D.N.Y. 1999)). Here, consideration of all three factors strongly supports issuance of a stay.

### 1. SEL Would Suffer No Undue Prejudice or Disadvantage From A Stay

The first factor is whether a stay would prejudice the non-moving party. SEL would not be prejudiced by a stay of this case. If anything, staying the case would ensure that the parties did not litigate issues concerning claims in the '843 Patent Application that the PTO may reject, modify or accept prior to issuing a Notice of Allowance for that patent application. Were discovery to go forward now, the parties and the Court would have to rely upon the '843 Patent Application as it now reads, despite that it may be modified or rejected by the PTO prior to being allowed. Proceeding under those assumptions could result in needless litigation of issues that eventually are rendered moot, to the prejudice and expense of both parties.

SEL would not be unduly prejudiced by a stay of this case, pending the PTO's final resolution of the '843 Patent Application, and such a resolution would clarify the patent claims at issue for SEL as well as IMES.

### 2. Awaiting the PTO's Determination of the '843 Patent Application Would Simplify the Issues In This Case

The PTO's resolution of and issuance of a Notice of Allowance for the '843 Patent Application will simplify the issues in this case. IMES has alleged, among other things, that SEL has misappropriated and claimed ownership of IMES' Invention in the '843 Patent Application. SEL has requested to modify its application so as to include an independent claim *identical* to claim 55 in IMES' '952 Patent Application. Whether or not the PTO allows this modification will directly affect the issues in this case. Awaiting the PTO's determination as to certain proposed modifications and its issuance of a Notice of Allowance would simplify the issues in this case and not prejudice the parties'

7

rights. *Softview Computer Prods.*, 2000 WL 1134471, *3 (explaining that a stay pending reexamination of a patent "will necessarily simplify the issues" because it might invalidate, narrow or reaffirm the claims in the patent and thereby provide the court "the benefit of the PTO's expert analysis").

SEL has requested to modify the '843 Patent Application in a manner that would make one of its claims essentially the same, if not identical to, one of IMES' claims in its patent. Whether the PTO accepts, modifies or rejects SEL's proposed modification could have a number of effects on this case. For example, if the PTO rejects the application and does not alter a Notice of Allowance, this case could be rendered moot. Similarly, if the PTO rejects the proposed modification, or otherwise does not allow claims that overlap with IMES' '952 Patent Application or IMES' Invention, then this case could be rendered moot or significantly narrowed.

The PTO also could modify SEL's application in other ways, broadening or narrowing the claims, and such changes would have corresponding affects upon this case. Clarifying the similarities between two independent claims in each of the parties' respective patents will enable the parties, and the Court, to focus the discovery necessary in this case. In contrast, proceeding with discovery prior to the PTO's determination could result in needless discovery. *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217-218 (D. Del. 1991) (granting a stay pending the PTO's resolution of an already ongoing reexamination proceeding because proceeding with a separate district court action regarding the patent at issue would add to, not subtract from, uncertainty, insecurity and controversy by covering issues that could more efficiently be addressed by the PTO).

8

By staying this case pending the PTO's final resolution of the '843 Patent Application, this Court will be able to take advantage of the PTO's expertise prior to having to define the scope of this case, if any case remains. Having the PTO's determinations as to the '843 Patent Application will vastly simplify this case.

### 3. This Case Is In Its Incipient Stage

The third factor to consider is whether discovery is complete and a trial date has been set. This case has just begun. No discovery has gone forward in this case and there is no scheduling order, let alone a trial date.

In *Target Theraputics, Inc. v. Scimed Life Sys, Inc.*, No. C-94-207775 (RPA)(EAI), 1995 WL 20470 (N.D. Cal. Jan. 13, 1995), the district court noted that the relevant factors weighed heavily in favor of a stay. "First, this case is in its incipient stages. The parties have not engaged in expensive discovery and no trial date has been set." *Id*. *Target* emphasized that the case was only filed two months prior to the motion for a stay and explained how this fact actually further demonstrated that the defendant would suffer no undue prejudice from the stay. *Id*. Neither party had any invested any real time or expense in this case that could militate against a stay. *Id*. (citing *GPAC, Inc. v. DWW Enterp., Inc.*, 144 F.R.D. 60, 64 (D.N.J. 1992)).

Here, the case was commenced only just over three (3) months ago and the same rationale applies. SEL has moved to dismiss the Complaint and refused to stipulate to a stay of the action. Staying this case at this point would not waste any prior efforts, interrupt discovery or put off an imminent trial. Indeed, staying this case would permit the PTO to make a determination and issue a Notice of Allowance fixing the

claims in the '843 Patent Application and, in turn, permit the parties to litigate this case with a clear and defined patent application, if necessary.

### B.    The Time For IMES To Oppose SEL's Motion To Dismiss Should Be Extended

In the interest of judicial economy and to obviate further expenditure of time and money, IMES respectfully requests that its time to file an opposition to SEL's motion to dismiss be extended until thirty (30) days after the date the Court decides the instant motion for a stay.

## IV.   CONCLUSION

For the foregoing reasons, IMES respectfully requests that the Court grant IMES Motion for Stay in its entirety and enter an order staying this case, pending the PTO's issuance, or refusal, of SEL's '843 Patent Application, together with such further relief as the Court may deem just and equitable. IMES also respectfully requests an extension of the time in which IMES may timely respond to SEL's motion to dismiss the Complaint until thirty (30) days after the Court determines IMES' instant motion to stay.

Dated: October 31, 2006                         Respectfully submitted,


                                          By:    /s/ Daniel J. Healy
                                                 Daniel J. Healy, Esq. (Bar No. 476233)
                                                 ANDERSON KILL & OLICK, LLP
                                                 2100 M Street, NW, Suite 650
                                                 Washington, DC  20037
                                                 Tel: (202) 218-0040
                                                 Fax: (202) 218-0055

Of counsel:

   David A. Einhorn, Esq.
   Eugene Lieberstein, Esq.
   ANDERSON KILL & OLICK, P.C.
   1251 Avenue of the Americas
   New York, New York  10020
   Tel:  (212) 278-1000
   Fax:  (212) 278-1733

                                                 Attorneys for Plaintiff