# EXHIBIT 3

## DeSouza, Audrey

| | |
|---|---|
| From: | DeSouza, Audrey on behalf of Einhorn, David |
| Sent: | Wednesday, June 21, 2006 4:58 PM |
| To: | 'mmurphy@cookalex.com' |
| Subject: | Emailing: AGREEMENT.pdf |
| Importance: | High |

Agreement to Toll Statute of Limitations attached herewith.

All the best.

David A. Einhorn
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, New York 10020-1182
Phone: (212) 278-1359
Facsimile: (212) 278-1733

AGREEMENT.pdf
(176 KB)

Email: deinhorn@andersonkill.com

1

## **AGREEMENT TO TOLL STATUTE OF LIMITATIONS**

THIS AGREEMENT ("Agreement") is made effective as of ____ June, 2006 ("Effective Date"), and is made by and between International Manufacturing and Engineering Services Company, Ltd. ("IMES") and Semiconductor Energy Laboratory Co., Ltd. ("SEL") (collectively, "Parties").

In consideration of and reliance upon, the mutual promises, covenants and other obligations set forth herein, and intending to be legally bound hereby, the Parties mutually agree as follows:

1) <u>Term</u> - The term of this Agreement shall be from the Effective Date through and including February 15, 2007.

2) <u>Tolling</u> – The Parties agree that the running of any and all statutes of limitation or repose, or any other time period that may be the basis for a defense (including, but not limited to, waiver, estoppel and/or laches), shall be suspended and tolled during the Term of this Agreement as to any and all claims by IMES against SEL in connection with the invention, ownership and use of the technology concerning improvement in efficiency of an organic semiconductor as set forth in United States Patent Application No. 2003/0127967 A1 and patent applications based thereon filed in the United States and other jurisdictions.

3) <u>Non-Prejudice</u>: - Neither this Agreement nor the performance by any party under and according to this Agreement's terms shall be construed as an admission of wrongdoing, or liability of any kind to any party to this Agreement. Each party acknowledges that nothing contained herein shall operate so as to create or expand any right, remedies or liabilities of the parties hereto, except as provided herein to toll the statutes of limitations and all other time-related defenses.

4) <u>Termination of Agreement:</u>  This Agreement may be terminated by a party hereto at any time during the period beginning 60 days after the Effective Date until the end of the Term of this Agreement if the terminating party provides written notice of termination pursuant to the notice provisions of Paragraph 5 of this Agreement.  Termination shall be effective on the thirtieth (30th) day following the day on which such notice is effective in accordance with the provisions of Paragraph 5 of this Agreement.

5) <u>Notice:</u>  To be effective, any notice to be given hereunder to the other parties, including the notice of termination as provided for in Paragraph 4 above, shall be in writing and shall be sent via each of, (1) e-mail; and (2) by either U.S. Postal Service certified mail, return receipt requested, postage prepaid, or by overnight courier delivery to each of the persons indicated below or to such other persons as any party may designate as to itself by written notice to the other party:

<u>As to notices to be given to IMES:</u>

> David A. Einhorn, Esq.
> Anderson Kill & Olick, P.C.
> 1251 Avenue of the Americas
> New York, New York  10020
> U.S.A.
> (212) 278-1359
> (212) 278-1733 (fax)
> deinhorn@andersonkill.com

<u>As to notices to be given to SEL</u>:

> Mark J. Murphy, Esq.
> Cook Alex
> 200 West Adams
> Suite 2850
> Chicago, Illinois 60606
> U.S.A.
> (312) 236-8500
> (312) 236-8176

NYDOCS1-825757.1

2

6) <u>Choice of Law</u>: This Agreement shall be governed by and construed in accordance with the laws of the District of Columbia, without reference to the conflicts of law provisions of that district. The foregoing is not intended, and will not be construed, as an admission by any party as to what law should apply to any claims, causes of action, or defenses.

7) <u>Inadmissibility</u>: This Agreement shall be admissible in any proceeding involving the parties hereto only to prove the terms hereof, and shall be inadmissible for any other purpose.

8) <u>Entire Agreement</u>: This Agreement contains the entire agreement of the parties with respect to the subject matters relating thereto, and any other alleged agreements as to these subjects contained in or described by this Agreement are null and void.

9) <u>Entities Bound</u>: This Agreement shall be binding upon the parties hereto, assignee(s) of the technology set forth in Paragraph 2 of this Agreement, and the parties respective subsidiaries, affiliates, successors and assigns.

10) <u>No Third-Party Rights</u>: This Agreement is intended to confer rights and benefits only on the parties to this Agreement. No person or entity other than the parties hereto shall have any rights under this Agreement.

11) <u>Survival</u>: Except as provided herein, each provision of this Agreement shall survive the expiration or termination of this Agreement, specifically including, but not limited to, the provisions in Paragraphs 2 and 3.

12) <u>Modification</u>: Any change, modification, deletion or addition to this Agreement must be in writing and executed by the party against whom an obligation or waiver is sought to be enforced.

13) <u>Counterparts</u>: This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

14) <u>Representation on Authority of Parties/Signatories</u>: Each person signing this Agreement represents and warrants that he or she is duly authorized and has legal capacity to execute and deliver this Agreement on behalf of his or her client(s). Each party represents and warrants to the other that the execution and delivery of the Agreement and the performance of such party's obligations hereunder have been duly authorized and that the Agreement is a valid and legal agreement binding on such party and enforceable in accordance with its terms.

In witness of the foregoing, the undersigned have executed and delivered this Agreement.

**For International Manufacturing And Engineering Services Company, Ltd.**

_____
[insert signatory]

Date: _____

**For SEL**

_____
[insert signatory]

Date: _____