**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| |
|---|
| INTERNATIONAL MANUFACTURING AND ENGINEERING SERVICES COMPANY, LTD.<br><br>                Plaintiff,<br><br>    v.<br><br>SEMICONDUCTOR ENERGY LABORATORY COMPANY, LTD,<br><br>               Defendant. |

Case No.:  1:06-CV-01230(JDB)

**ORAL ARGUMENT REQUESTED**

**PLAINTIFF'S REPLY MEMORANDUM**
**IN SUPPORT OF ITS MOTION FOR STAY**

# TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ..................................................................................1

II.     PROCEDURAL HISTORY AND SUMMARY OF ARGUMENT ............................3

III.    ARGUMENT ......................................................................................................4

    A.    The USPTO Most Likely Will Issue A Notice of Allowance for the
Tsutsui '843 Patent Application Within Nine Months ..................................5

    B.    Although The Court Has Jurisdiction Over This Case, A
Determination As To Jurisdiction Is Not Necessary To Decide This
Motion For Stay .........................................................................................7

        1.    The Court May Decide This Motion for Stay Before
Determining Whether It Has Jurisdiction .........................................7

        2.    This Court Has Personal and Subject Matter Jurisdiction
Over This Case ..............................................................................8

    C.    IMES Has Demonstrated That A Stay Of This Case Is Proper And
Would Be Efficient ......................................................................................9

    D.    Stay Of This Matter Is Proper Under The Circumstances .......................12

    E.    IMES Will Suffer Hardship If This Case Is Not Stayed .............................14

    F.    SEL Presents No Reason It Would Suffer Hardship Because of A
Stay of This Case......................................................................................15

    G.    SEL Cannot Complain Of Prejudice After Having Forced IMES To
File The Suit ..............................................................................................17

IV.     CONCLUSION .................................................................................................18

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Australia/Eastern U.S.A. Shipping Conf. v. United States*,
   Civ. Action No. 80-1830, 1981 WL. 2212 (D.D.C. Dec. 23, 1981) .......................9

*Bausch & Lomb, Inc. v. Alcon Labs.*,
   914 F. Supp. 951 (W.D.N.Y. 1996) .....................................................10

\* *Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988)............................................................9

*Gladish v. Tyco Toys, Inc., Civ. No. S-92-16666*,
   1993 WL. 625509 (E.D.Cal. 1993) .....................................................10

*Johnson & Johnson, Inc. v. Wallace A. Erickson & Co.*,
   627 F.2d 57 (7th Cir. 1980) ...............................................................13

\* *Kunkle v. Texas*,
   125 S. Ct. 2898 (2004)........................................................................7

\* *Landis v. North American Co.*,
   299 U.S. 248 (1935)...........................................................................14

*Lasala v. Needham & Co., Inc.*,
   399 F. Supp. 2d 421 (S.D.N.Y. 2005) ...............................14, 15, 16, 17

*In re Laughlin Prods., Inc. Patent Litigation*,
   265 F. Supp. 2d 525 (E.D. Pa. 2003).....................................13, 14, 16

*NL Chemicals, Inc. v. Southern Clay Prods., Inc.*,
   Civ. Action No. 88-2620, 1989 WL. 214495 (D.D.C. Nov. 20, 1989) .................10

\* *Novartis Corp. v. Dr. Reddy's Labs, Ltd.*,
   No. 04 Civ. 0757, 2004 WL. 2368007 (S.D.N.Y. Oct. 21, 2004) ........................10

\* *Softview Computer Prods. Corp. v. Haworth, Inc.*,
   No. 97-CIV-8815 (KMW) 2000 WL. 1134471 (S.D.N.Y. Aug. 10, 2000) .............10

*Wayne Automation Corp. v. R.A. Pearson Co.*,
   782 F. Supp. 516 (E.D. Wash. 1991) ................................................16

*Xerox Corp. v. 3Com Corp.*,
   69 F. Supp. 2d 404 (W.D.N.Y. 1999) ................................................10

**TABLE OF AUTHORITIES**
**(cont'd)**

**STATUTES**

35 U.S.C. § 6 ...................................................................................................9

35 U.S.C. § 293 ...............................................................................................8

28 U.S.C. § 1331 .............................................................................................8

28 U.S.C. § 1338(a) .........................................................................................8

## I.    PRELIMINARY STATEMENT

Plaintiff International Manufacturing and Engineering Services Company, Ltd. ("IMES" or "Plaintiff") submits the following reply memorandum in support of its motion for stay of this case ("IMES' Motion"). Pursuant to this Court's order, IMES is filing this reply memorandum simultaneously with its memorandum in opposition to the Defendant Semiconductor Energy Laboratory Company, Ltd.'s ("SEL" or "Defendant") motion to dismiss plaintiff's complaint ("SEL's Motion").

IMES moved to stay the litigation of this action because, as a practical matter, it would be much more efficient for the court and the parties to address the issues raised after the Patent Office has determined whether to allow the SEL patent application claim at issue. SEL does not effectively dispute this. Rather, SEL claims (incorrectly) that, as an analytical matter, IMES cannot commence its lawsuit at this time. According to SEL, IMES must first wait until the Patent office grants SEL a patent, and then the IMES claims will be ripe. However, SEL also argues that the statute of limitations on IMES' claims has already run. In other words, under SEL's arguments, we have a classic "Catch-22" – "You can't bring your claim now because no patent has issued; but, if a patent later issues, you can't bring your claim because the statute of limitations has run." Under SEL's theories, if the Patent Office takes longer than the statute of limitations period to determine whether to allow SEL's patent claim – there is simply no way to hold SEL liable for its egregious violation of commercial ethics in improperly obtaining, and then using against its competitor IMES, the very invention that IMES owns and for which it paid millions of dollars in research and development. Not surprisingly, SEL's theories are not the law.

IMES commenced this action within three years of the publishing by the Patent Office of the first SEL patent application that is based upon IMES' invention, which was discovered by Dr. Jinjo Kido, IMES' agent. IMES was compelled to bring the action at this time to avoid a later claim that the statute of limitations began to run upon publication by the Patent Office, that the applicable limitation was three years, and that IMES' claim, however valid, was time-barred. However, as stated above, whether the Patent Office determines to grant a patent to SEL, and if it does, exactly which claims of SEL it will allow, will have an enormous practical effect on the extent of the damage to IMES, and the exact nature of the specific issues to be litigated in this action. The reasonable solution, therefore, is to commence the action, and then stay the litigation pending the determination by the Patent Office.

SEL's main argument in opposition to this reasonable solution is entirely specious. SEL's employee or agent, Dr. Tetseo Tsutsui, improperly obtained IMES confidential proprietary information from Dr. Kido, the true inventor, and then used that information on SEL's behalf to file the SEL patent application that falsely claims that Tsutsui is the inventor. SEL argues that a stay should not be granted because it should be able to bring the matter to a head now and show that IMES' allegations are not true. At the same time, however, SEL has moved on a host of technical procedural issues to have the complaint dismissed without reaching the merits. For example, if SEL and Dr. Tsutsui were so interested in having the merits decided, and clearing Tsutsui of the allegations, why is SEL challenging personal jurisdiction, standing, statute of limitations, etc., all arguments, that if successful, would leave the allegations of the Complaint and the Amended Complaint untested? Of course, the answer is that SEL's opposition to

the stay motion is entirely specious.   The most logical and reasonable procedure is for

the litigation to be stayed until the Patent Office makes its determination as to whether

to allow SEL's patent claims.

## II.    PROCEDURAL HISTORY AND SUMMARY OF ARGUMENT

IMES moved to stay the litigation of this case until after the United States

Patent and Trademark Office ("USPTO") has determined whether to allow SEL's claims

in the patent application at issue (SEL's Patent Application Serial No. 10/309,843 that

was published as Pub. No. US 2003/0127967 A1 on July 10, 2003 (hereafter "Tsutsui

'843")).  Upon the issuance of a notice of allowance for the Tsutsui '843 patent

application, the parties would be able to assess the practical effect of the Patent Office's

determination and then, if continued litigation were advisable, proceed in this case with

a fixed set of claims for that application.

On March 14, 2005, the USPTO issued a Notice of Allowance for the

Tsutsui '843 patent application.  *See* Declaration of David A. Einhorn, Esq. in Further

Support of Motion for Stay dated December 13, 2006 ("Einhorn Dec.") at Ex. 1.  On May

2, 2005, however, SEL requested a continued examination and on March 29, 2006 it

requested an amendment of its claims.  *Id.*  SEL has sought an amendment of certain

claims in the Tsutsui '843 patent application, including claims that correlate to IMES'

Invention[1] in this case.  *Id.*  On August 1, 2006, the USPTO issued a Non-Final

Rejection for the application and SEL's response is outstanding.

SEL now opposes IMES' motion to stay this case because, it claims,

resolution of the claims set forth in the Tsutsui '843 patent application could take many

---

[1]  The Invention is defined in the Amended Complaint at ¶ 16 [D.I. 21].

Case 1:06-cv-01230-JDB   Document 23   Filed 12/15/2006   Page 8 of 23

years, that it cannot be ascertained how long the prosecution of the application may take and that the final resolution of the claims possibly could even continue indefinitely. *See* SEL's Memorandum in Opposition to Plaintiff's Motion for Stay [D.I. 17] ("SEL's Opp.") at 1, 7 and 8.  Further, it argues that the Court lacks jurisdiction over IMES' claims of unfair competition and injurious falsehood and claims that the Court cannot stay the case. *Id.* at 9-15.  As demonstrated below, SEL's argument is not legally correct, as this Court **does** have the power to stay this case prior to a determination of the question of jurisdiction.

At issue in this case are IMES' claims of unfair competition and injurious falsehood.  Those claims are based on SEL's predatory taking of confidential information from IMES; using that same information to file the Tsutsui '843 patent application and claiming the Plaintiff's Invention[2] as its own.

These claims involve issues that could render any patent issuing from the Tsutsui '843 patent application unenforceable.  If the USPTO refuses to grant the application , however, it is possible that IMES would not need to pursue this litigation.  On the other hand, if the USPTO issues a Notice of Allowance for claims covering IMES' Invention, then IMES will need to pursue its claims in this case.  Accordingly, it would serve the interest of the parties and this Court to enter a stay, pending the allowance or refusal of SEL's amended claims in the Tsutsui '843 patent application.

## III.   ARGUMENT

This Court is not required to make a determination of jurisdiction prior to determining whether to stay the case.  In any event, the Court does have jurisdiction

---

[2]  The Invention is defined in the Complaint at ¶ 16.

DCDOCS-76592.3                                  4

over this case. Further, a stay of this case pending the issuance of a Notice of Allowance for the Tsutsui '843 patent application is appropriate under the relevant factors and would serve judicial economy.

### A.    The USPTO Most Likely Will Issue A Notice of Allowance for the Tsutsui '843 Patent Application Within Nine Months

In its November 1, 2006 Scheduling Order [D.I. 16], the Court requested the parties to include in their subsequent briefs their assessment of the time needed for the USPTO to resolve SEL's pending patent application – the Tsutsui '843 patent application. IMES has sought a stay of this case until such time as the USPTO issues a Notice of Allowance of the claims in the Tsutsui '843 patent application.

In its opposition to the stay, SEL provided an exhaustive explanation of various facets of patent prosecution, including time for an interference proceeding and appeals to the Federal Circuit. *See* SEL's Opposition at 7-9. SEL claims that this case will "sit[] in limbo while years pass" if stayed. *Id.* at 2. It further presumes that the case would need to be stayed until the conclusion of all interference proceedings concerning the Tsutsui '843 patent application and any subsequent appeals and the conclusion of the entire prosecution of that patent application. Thus, SEL's time estimates have no bearing on the length of time for a Notice of Allowance prior to any declaration of Interference as to the substantive claims that will be allowed in the Tsutsui '843 patent application.

SEL's estimates have no relevancy to the requested stay, because they are based on SEL's incorrect presumption that IMES has requested a stay until the Tsustui '843 patent application, is allowed, is granted with complete finality. Thus, the first category in SEL's chart of "Time Period" estimates begins with the estimate

"Indefinite" for "completion of examination."  SEL's Opposition at 8.  This very first category on the chart goes far beyond the scope ad length of the stay IMES seeks.  All other blocks in SEL's time chart have no bearing whatsoever on the duration of the stay that IMES has requested.

IMES seeks a stay of this case until the USPTO issues a Notice of Allowance identifying which claims in the Tsutsui '843 patent application, if any, will be allowed by the USPTO.  With this information, IMES will be able to determine whether any SEL claims allowed cover IMES' Invention.

SEL does not provide any estimate of the time it will need to obtain a Notice of Allowance for the Tsutsui '843 patent application.  Thus, it has not responded to the Court's request for both parties to provide meaningful estimates and, instead, has provided an entirely irrelevant chart that makes no predictions other than "Indefinite." *See* SEL's Opposition at 8.

IMES has not requested a stay pending the final determination of every possible aspect of the examination of the Tsutsui '843 patent application.  IMES seeks a stay until the USPTO issues a Notice of Allowance that would either disallow IMES' claims or identify the substance of any SEL claim allowed.  At that point, the parties would be able to make more informed determinations as to the practical effect of the Patent Office's rulings and, if so advised, move forward with this case in an efficient manner.

The USPTO did issue a Notice of Allowance for the claims in the Tsutsui '843 patent application on March 14, 2005.  *See* Einhorn Dec. at Ex. 1.  On May 2, 2005, however, SEL requested a continued examination and, on March 29, 2006, it

requested an amendment of its claims. *Id.* SEL's amendments are of claims that relate to IMES' Invention and the issues in this case. Thus, a stay pending a determination by the USPTO of which claims, if any, will be allowed and in what form will affect this case.

On August 1, 2006, the USPTO examiner issued a Non-Final Rejection of the Tsutsui '843 patent application, instead of allowing the amended claims. *Id.* SEL has not yet responded to that rejection and has entered its first extension period for a response. If SEL does not accede to the examiner's objections, then a final rejection likely will issue in February 2007. If SEL does decide to compromise with, or accede to, the examiner, then, even if it seeks a further extension from February 2007, a Notice of Allowance would likely issue by sometime within approximately the next nine (9) months. Based on the available information, IMES believes that a Notice of Allowance or final rejection likely will be issued approximately by the end of September 2007.

**B.    Although The Court Has Jurisdiction Over This Case, A Determination As To Jurisdiction Is Not Necessary To Decide This Motion For Stay**

**1.    The Court May Decide This Motion for Stay Before Determining Whether It Has Jurisdiction**

The United States Supreme Court has stated that courts have the power to stay cases prior to making a determination that they have proper jurisdiction over the case. *Kunkle v. Texas*, 125 S.Ct. 2898 (2004) (Stevens, J., concurring). In explaining the action of the United States Supreme Court in staying that case, Justice Stevens stated:

> It is beyond dispute, however, that we had jurisdiction to enter a stay in order give us time to determine whether we have jurisdiction to reach the merits of Kunkle's federal claim.

Thus, courts have the power to grant a stay pending issuance of a Notice of Allowance for the Tsutsui '843 patent application prior to a determination the issue of jurisdiction.

### 2.    This Court Has Personal and Subject Matter Jurisdiction Over This Case

SEL argues that this Court is powerless to stay this case because of jurisdictional issues.  *See* SEL's Opposition to Plaintiff's Motion for Stay (D.I. 17] ("SEL's Opposition") at 10-15.  As explained in IMES' Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint [D.I. 22] ("IMES' Opposition"), this Court does have both personal and subject matter jurisdiction over this case.  Instead of re-arguing the jurisdictional arguments herein, IMES incorporates by reference those arguments set forth in IMES' Opposition, as if set forth fully herein.

By way of summary, this Court has jurisdiction over SEL in this case under 35 U.S.C. § 293.  That statute provides jurisdiction over SEL because this lawsuit concerns SEL's filing of the Tsutsui '843 patent application in the USPTO.  *See* IMES' Opposition at pp. 4-6.

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1338(a).  That section provides district courts with jurisdiction over state law claims that arise under the patent laws of the United States.  In this case, both IMES' injurious falsehood claim and its unfair competition claim arise under the patent laws of the United States.  *See* IMES' Opposition at pp. 6-9.

This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 1338(a), and 1367 in that Plaintiff's unfair competition claim arises under the

Paris Convention for the Protection of Industrial Property.  Japan and the United States
both are signatories to that convention.  *See* IMES' Opposition at pp. 9-10.

IMES has standing to pursue its claims in this case and it has alleged
actual damages in support of its claims.  *See* IMES' Opposition at pp. 10-14.  Similarly,
this case does not present issues that may be properly resolved in an interference
proceeding before the USPTO.  An interference proceeding only may address the
limited issues or priority and patentability.  35 U.S.C. §§ 6 and 135.  No interference has
been declared and the USPTO may *never* declare one.  Neither IMES nor SEL can
control whether the USPTO will declare an interference.  Further, the fact that an
interference proceeding may address certain of those issues does not preclude the
Court from addressing them.  It also is of importance that IMES seeks relief in this case,
including monetary damages and a constructive trust, that are not available to a party to
an interference proceeding.  Thus, SEL's argument that this case should be dismissed
in favor of a hypothetical interference proceeding that has never been, and may never
be, declared is unfounded.  *See* IMES' Opposition at pp. 43-45.

Accordingly, this Court may determine whether to stay this action pending
the allowance of substantive claims sought by SEL in its Tsutsui '843 patent application.

## C.    IMES Has Demonstrated That A Stay Of This Case Is Proper And Would Be Efficient

As set forth in IMES' moving brief, this Court has discretion to enter orders
to control its own docket, including to stay an action pending before it.  *Ethicon, Inc.  v.
Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988); *see also Australia/Eastern U.S.A.
Shipping Conf. v. United States*, Civ. Action No. 80-1830, 1981 WL 2212, *9 (D.D.C.
Dec. 23, 1981) (granting stay of action in antitrust case).  Entering a stay of a case

pending the outcome of a related administrative proceeding is an efficient way to conserve the parties' and the court's resources when the outcome of a related administrative proceeding may affect the issues in a pending case. *See Novartis Corp. v. Dr. Reddy's Labs, Ltd.*, No. 04 Civ. 0757, 2004 WL 2368007 (S.D.N.Y. Oct. 21, 2004) (granting stay pending resolution of FDA proceedings); *Bausch & Lomb, Inc. v. Alcon Labs.*, 914 F. Supp. 951 (W.D.N.Y. 1996) (granting stay in favor of interference proceeding concerning a patent a issue); *NL Chemicals, Inc. v. Southern Clay Prods., Inc.*, Civ. Action No. 88-2620, 1989 WL 214495,*6 (D.D.C. Nov. 20, 1989) (granting a stay pending two interference proceedings concerning the patents at issue).

As further explained in the moving brief, courts consider three factors in considering whether to stay a district court action in light of a concurrent PTO proceeding: (1) whether the stay would unduly prejudice the non-moving party; (2) whether the stay would simplify the issues in question and eventual trial of the case; and (3) whether discovery is complete and a trial date has been set. *See Softview Computer Prods. Corp. v. Haworth, Inc.*, No. 97-CIV-8815 (KMW)(HBP), 2000 WL 1134471 (S.D.N.Y. Aug. 10, 2000) (citing *Xerox Corp. v. 3Com Corp.*, 69 F. Supp.2d 404, 406 (W.D.N.Y. 1999)).

SEL states "[i]t is not entirely clear from IMES' motion whether it seeks a stay pending 'Notice of Allowance' of the SEL '843 application that may be issued before any interference proceeding or a notice following the resolution of an interference proceeding." Opp. Mot. at p. 16. While it is clear from IMES' Motion and Proposed Order that it seeks a stay only until the USPTO issues a Notice of Allowance or refusal

before any interference proceeding, and, in the alternative, until thirty days after the date of abandonment, IMES reiterates the same.

SEL next argues that a stay is not warranted because "IMES does not explain how a 'Notice of Allowance' will change anything in its complaint or that its injury is somehow contingent on future events." SEL's Opposition at 17. SEL then sets up two false choices, namely, "[e]ither the recited events … are actionable and have already harmed IMES and thus no subsequent act by the Patent Office will affect the scope of IMES' alleged causes of action against SEL, or the recited events are not yet actionable and the subsequent acts of the Patent Office may affect the scope of IMES' alleged claims against SEL." *Id.* IMES has devoted an entire sub-section in its moving papers to precisely this issue. *See* IMES Motion at § III. A.2.

IMES has explained that while, as an analytical matter, *it has already been harmed* by SEL's filing and prosecution of a patent application based upon and directed to IMES proprietary technology, in view of SEL's recent modification of its patent application, as a practical matter, it would simplify the issues before this Court and obviate the need for unnecessary discovery if the Court were to grant a stay. *Id.* IMES has alleged in its complaint that SEL has misappropriated and claimed ownership of IMES' invention by the filing of the Tsutsui '843 patent application. *See* Amended Complaint at ¶¶ 1, 69, 71, 91, 92, 94, 98, 125, 129 and 130. The harm to IMES has been caused thereupon.

On March 14, 2005, the USPTO had issued a Notice of Allowance for the Tsutsui '843 patent application. However, subsequently, SEL requested the USPTO to modify its patent application so as to include an independent claim that is identical to

one of IMES' claims.  IMES' Motion at III. A.2.  The USPTO's final action on this

amendment is awaited.  The UPSTO will either allow the patent claims in the amended

application or will deny them.  In either eventuality, the issues before this Court will be

vastly simplified and needless discovery obviated, if this Court were to stay the present

action and await the USPTO's determination of the amendment SEL has sought.  In the

event the USPTO denies a patent covering IMES' invention, the harm to IMES, as a

practical matter, may be such that the need for Court's intervention may be obviated.

### D.    Stay Of This Matter Is Proper Under The Circumstances

SEL argues that stay of the instant matter is "unprecedented".  SEL's

Opposition at 18-20.  Apparently, SEL has not found any case law that grant of such

relief would be improper.  Moreover, SEL presents the absurd argument that "[i]f the

Court grants this unprecedented stay, the Court will then open the floodgates for

countless plaintiffs to file and stay lawsuits against other patent applicants regarding

issues of patentability yet to be determined by the Patent Office." *Id* at 20.  First, there is

no challenge from IMES to patentability of the invention at issue.  IMES has itself filed a

patent application for the same technology – its own invention.  Second, it is not routine

among businesses to misappropriate another's technology and engage in acts of unfair

competition with the actual owner of the invention.  Thus, there is no substance to SEL's

scare-mongering that floodgates will be opened.  Indeed, if such acts were routine, this

Court's gates would, naturally, be open for redressal to the "countless plaintiffs."

SEL seeks to distinguish the cases cited by IMES by arguing that these

cases concerned patent reexamination and reissue proceedings and that such

situations differ from a situation where the patent application was still being examined

by the USPTO.  *See* SEL's Opposition at 18.  This is a specious distinction.  The point

made in the cases cited by IMES is that courts routinely stay pending proceedings in order to await a resolution by the USPTO of the scope of the patent rights at issue, thereby simplifying litigation by eliminating, clarifying or limiting the claims. That is precisely what IMES is requesting – a stay of proceedings pending the USPTO's determination of the scope of SEL's patent. Further, SEL seeks to distinguish *Johnson & Johnson, Inc. v. Wallace A. Erickson & Co.*, 627 F.2d 57 (7th Cir. 1980), a case cited by IMES for the proposition that federal courts grant stays pending resolution of USPTO proceedings. SEL argues that the Seventh Circuit reversed the District Court and denied the stay, but fails to mention that the reversal was because the Court of Appeals held that the District Court had no authority to force the patentee to file an application for reexamination.

SEL also cites *In re Laughlin Prods., Inc. Patent Litigation*, 265 F. Supp.2d 525 (E.D. Pa. 2003) for the proposition that "courts will not stay state law claims such as the ones alleged by IMES" pending the outcome of USPTO proceedings. The court issued a partial stay because "the stay issued by this Court will not in any way prevent Defendants from conducting discovery related to, or otherwise prosecuting, their affirmative claims of unfair competition, defamation, disparagement, and tortious interference with prospective economic advantage, as such claims are entirely separate from the patent invalidity and non-infringement issues." *Id.* at 538. In the case before this Court, IMES' state law claims against SEL are inextricably intertwined with and arise from the Tsutsui '843 patent application. Thus, any action by the USPTO regarding the scope of SEL's patent will have a bearing on the scope of discovery that IMES will have to conduct for its claims of unfair competition and injurious falsehood.

Moreover, in *Laughlin*, the defendants raised the arguments of undue prejudice against grant of a stay as has been raised by SEL.  The court held that there would be no undue prejudice caused to the defendants by the stay because the case was in its infancy (as is the instant case).  *Id.* at 532.

SEL further argues that IMES cannot demonstrate the required hardship or inequity and cites *Landis v. North American Co.*, 299 U.S. 248 (1935) for the proposition that a court should not grant "a stay of indefinite duration in the absence of pressing need".  *See* SEL's Opposition at 20-22.  *Landis*, however, holds that the applicant for a stay must make a clear case of hardship or inequity and the opposer must show "a fair possibility that the stay . . . will work damage . . . ."  299 U.S. 248 at 254-55.  A bald assertion of prejudice is insufficient showing.  *Lasala v. Needham & Co., Inc.*, 399 F.Supp.2d 421, 430 (S.D.N.Y. 2005). IMES will suffer expenditure of a huge amount of resources and funds in order to conduct discovery concerning a patent application that has been made nebulous by SEL's proposed amendments.  SEL has not shown that it would suffer any prejudice or damage if the stay is granted by this Court.[3]

### E.    IMES Will Suffer Hardship If This Case Is Not Stayed

SEL's amendment of its Tsutsui '843 patent application is pending resolution before the USPTO.  SEL seeks to amend its patent application to precisely cover IMES' invention.  In the absence of a stay, IMES will have to expend considerable funds and other resources, that it can ill-afford, in conducting discovery that may well turn out to be pointless and wasteful in the event the USPTO denies the amendment

---

[3]  Discussed in detail in § II. F *infra*.

that SEL seeks.  If the amendment is allowed by the USPTO, then again the scope of

the SEL patent application will be solidified.  In other words, the unclear status of SEL's

amendment presents an amorphous target to IMES at this stage.  IMES' needless

expenditure of resources at this time can be obviated by simply awaiting the USPTO's

decision of SEL's amendment to the Tsutsui '843 patent application.

### F.    SEL Presents No Reason It Would Suffer Hardship Because of A Stay of This Case

SEL presents no reason why it would suffer hardship, save a bald

assertion that IMES' allegations in its complaint "have harmed SEL and Dr. Tsutsui and

continue to tarnish their reputations in the OLED community."  *See* SEL's Opposition at

22.  In other words, the allegations in the complaint *ipso facto* are causing hardship to

SEL.  This is the sole averment by SEL regarding hardship being caused to it if a stay is

granted.  If SEL's absurd argument is entertained, a stay may never be granted by a

court because the mere filing of a complaint will automatically cause sufficient hardship

to preclude a stay.

In *Lasala,* the court held "it does not suffice for any party … to assert … an

inherent right [to proceed] in litigation and rest its case on that bald, abstract

proposition, without articulating in concrete terms the practical real life effects of the

potential deprivation of that right under the circumstances of the particular case at bar."

*Lasala*, 399 F.Supp.2d at 430 (citing, *An Giang Agric. & Food Imp. Exp. Co. v. U.S.,* 350

F.Supp.2d 1162,1164 n. 3 (CIT 2004)).  In the *Lasala* case, the defendants were

required to publicly report the threat of liability and they argued that this would be

prejudicial to them.  *Id.*  The court rejected this argument and reasoned that "this threat

of liability would exist whether or not the action is stayed."  The defendants had already

reported a larger potential threat of liability and if the defendants had entered into tolling agreements, the action would not have been filed, thereby eliminating the need for reporting the liability in the first place. *Id.*[4]  In view of the fact that SEL has not been able to show this Court any tangible hardship that it may suffer, and the overwhelming harm that IMES would needlessly suffer in the absence of a stay, IMES motion for a stay should be granted.

SEL's reliance on *Wayne Automation Corp. v. R.A. Pearson Co.*, 782 F. Supp. 516 (E.D. Wash. 1991) and *Gladish v. Tyco Toys, Inc.*, Civ. No. S-92-16666, 1993 WL 625509 (E.D.Cal. 1993) is misplaced.  In both these cases, the plaintiff had advised customers of defendant of the pending litigation and then sought a stay of court proceedings.  The court denied grant of stay in these cases on account of the prejudice that would be caused to the defendants, in view of the plaintiff having provided defendant's customers with information regarding infringement of its patents.  There are no such allegations by SEL in the instant case and no prejudice will be caused to SEL if a stay is granted.

Moreover, the stay requested is not for an indefinite duration. The requested stay would last only until the USPTO issues either an allowance or rejection of SEL's proposed amendment to the Tsutsui '843 patent application.  The defendant in *In re Laughlin Prods., Inc. Patent Litigation*, 265 F. Supp.2d 525 (E.D. Pa. 2003), a case cited by SEL, raised a similar argument.  *Id.* at 533 ("Defendants contend that because a PTO reexamination could last 19 months, a stay pending reexamination will severely prejudice Defendants.")  However, the court granted the stay.

---

[4]      Here, too, the defendant has rejected a tolling agreement.

**G.    SEL Cannot Complain Of Prejudice After Having Forced IMES To File The Suit**

Prior to instituting the instant litigation, IMES wrote to SEL inviting SEL to enter into a tolling agreement.  *See* Einhorn Dec. at ¶ 3.  IMES proposed that the parties agree that the statute of limitations be tolled for approximately eight months from the time of the proposal.  *Id.* at ¶ 3.  *Also see* Declaration of David A. Einhorn in Support of Plaintiff's Motion For Stay dated October 31, 2006 at Ex. 3.  However, SEL rejected IMES' offer, forcing IMES to file suit immediately in order to meet a possible statute of limitations deadline. *See* Einhorn Dec. at ¶ 3.  SEL could have avoided the public filing of this complaint, at least for several months, had it agreed to executing the tolling agreement.  *See Lasala*, 399 F.Supp.2d at 430 (granting stay and pointing out that defendants rejected tolling agreement).

## IV.    CONCLUSION

IMES respectfully requests that the Court grant IMES' Motion for Stay in its entirety and enter an order staying this case, pending the USPTO's Notice of Allowance or rejection of SEL's '843 Patent Application, together with such further relief as the Court may deem just and equitable.

Dated:  December 15, 2006                    Respectfully submitted,

By:    /s/ Daniel J. Healy
       Daniel J. Healy, Esq. (Bar No. 476233)
       ANDERSON KILL & OLICK, LLP
       2100 M Street, NW, Suite 650
       Washington, DC  20037
       Tel: (202) 218-0040
       Fax: (202) 218-0055

       David A. Einhorn, Esq. (Bar No. CT0001)
       John M. O'Connor, Esq. (Bar No. NY0071)
       Eugene Lieberstein, Esq. (Bar No. CT0002)
       ANDERSON KILL & OLICK, P.C.
       1251 Avenue of the Americas
       New York, New York  10020
       Tel:  (212) 278-1000
       Fax:  (212) 278-1733

       Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

       I certify that on December 15, 2006, I electronically filed the Plaintiff's Reply Memorandum in Support of Its Motion for Stay, together with Declaration of David A. Einhorn in Further Support of Plaintiff's Motion for Stay and for Extension of time to Oppose Defendant's Motion to Dismiss dated December 15, 2006, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF.

Michael J. McKeon, Esq.
Joshua B. Pond, Esq.
Brian T. Racilla, Esq.
Fish & Richardson, P.C.
1425 K Street, NW
Washington, D.C. 20005

Counsel for Defendant Semiconductor Energy Laboratory Co., Ltd.

                  By:  _/s/ Daniel J. Healy_____
                     Daniel J. Healy, Esq. (Bar No. 476233)