UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

INTERNATIONAL MANUFACTURING
AND ENGINEERING SERVICES
COMPANY, LTD.

                Plaintiff,

v.

SEMICONDUCTOR ENERGY
LABORATORY COMPANY, LTD,

                Defendant.

CASE NO.: 1:06-CV-1230 (JDB)

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY
MEMORANDUM OF LAW IN FURTHER OPPOSITION TO THE
DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

Plaintiff, International Manufacturing and Engineering Services Co., Ltd., ("IMES") hereby respectfully moves for leave to file a Surreply Memorandum of Law in Further Opposition to the Defendant's Motion to Dismiss the Plaintiff's Complaint. The surreply addresses only issues concerning the Paris Convention; a copy is attached hereto.

Permission to file a surreply memorandum is sought in order to address the arguments presented for the first time in the Reply Memorandum of Defendant Semiconductor Energy Laboratory Company, Ltd. ("SEL").[1] Prior to SEL's Reply, SEL had not presented any argument regarding the Paris Convention for the Protection of Industrial Property (the "Paris Convention") or jurisdiction over this case under that Convention. IMES raised the Paris Convention in its Amended Complaint filed on

---

[1] Reply Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint and Amended Complaint dated December 29, 2006 ("SEL's Reply" [D.I. 27]).

DCDOCS-76721.1

December 15, 2006 [D.I. 21] and, briefly, in its Memorandum of Law in Opposition to SEL's Motion to Dismiss the Plaintiff's Complaint [D.I. 22]. Rather than filing a separate motion to dismiss the Amended Complaint, SEL opted to address the Amended Complaint in its Reply filed in support of its initial motion to dismiss. *See* SEL's Reply at 12 n.11.

Under the unusual circumstances here, IMES submits that a surreply limited to the Paris Convention is appropriate both to afford IMES an opportunity to address SEL's arguments concerning the Paris Convention and to provide the Court with a more complete discussion of this issue.

This Court has permitted parties to file surreply briefs in circumstances similar to those presented here, where the party seeking to file a surreply moves for leave to file the surreply brief and shows that the opposing party's reply brief raised new arguments not raised in the initial moving brief. *See, e.g., Alexander v. FBI*, 186 F.R.D. 71 (D.D.C. 1998). In *Alexander*, the defendant had moved for a protective order and, in its reply brief, included a declaration raising new arguments. The Court granted the plaintiff's motion to file a surreply addressing those arguments because "[i]f the court were to deny plaintiffs leave to file the surreply, plaintiffs would be unable to contest matters presented to the court for the first time in the form of [the] declaration." *Id*. The plaintiffs had demonstrated good cause to warrant leave to file a surreply. *Id*. As set forth above, SEL Reply raised new arguments pertaining to the Paris Convention and IMES, by this motion, seeks leave to refute those arguments by means of the attached surreply.

In a case procedurally similar to the present one, this Court recently granted a plaintiff the right to file a surreply to address jurisdictional arguments raised in the defendant's reply brief in support of its motion to dismiss. *Stanford v. Potomac Electric Power Co.*, 394 F.Supp.2d 81, 86-88 (D.D.C. 2005) (permitting the plaintiff to file a surreply, as well as a third amended complaint, to respond to arguments raised for the first time in a reply brief filed in support of a motion to dismiss). There, the plaintiff improperly had filed a surreply brief before seeking leave to do so and, in response to the defendant's motion to strike, then moved for leave to file the surreply. *Id.* at 86. Nonetheless, the Court granted leave to file the surreply in order to address arguments the defendant raised in its reply, but had not raised in its initial brief. *Id.* Just as with IMES' surreply here, the arguments set forth in the surreply in *Stanford* provided an additional basis for the Court's exercise of jurisdiction. *Id.* at 87. As in *Stanford*, IMES should be granted leave to file its attached surreply in order to address the arguments newly raised in SEL's reply.

Accordingly, IMES respectfully requests leave to file the attached surreply memorandum of law.

Dated: January 11, 2007        Respectfully submitted,

By:  /s/ Daniel J. Healy
Daniel J. Healy, Esq. (Bar No. 476233)
ANDERSON KILL & OLICK, LLP
2100 M Street, NW, Suite 650
Washington, DC 20037
Tel: (202) 218-0040
Fax: (202) 218-0055

David A. Einhorn, Esq. (Bar No. CT0001)
John M. O'Connor, Esq. (Bar No. NY0071)
Eugene Lieberstein, Esq. (Bar No. CT0002)
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 278-1000
Fax: (212) 278-1733

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

       I certify that on January 11, 2007, I electronically filed the Plaintiff's Motion for Leave to File a Surreply Memorandum of Law in Further Opposition to the Defendant's Motion to Dismiss the Plaintiff's Complaint, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF.

Michael J. McKeon, Esq.
Joshua B. Pond, Esq.
Brian T. Racilla, Esq.
Fish & Richardson, P.C.
1425 K Street, NW
Washington, D.C. 20005

Counsel for Defendant Semiconductor Energy Laboratory Co., Ltd.

                        By:  /s/ Daniel J. Healy
                            Daniel J. Healy, Esq. (Bar No. 476233)