UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL MANUFACTURING AND ENGINEERING SERVICES COMPANY, LTD.,<br><br>**Plaintiff,**<br><br>v.<br><br>**SEMICONDUCTOR ENERGY LABORATORY COMPANY, LTD.,**<br><br>**Defendant.** | Case No. 1:06-CV-01230 JDB<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT SEMICONDUCTOR ENERGY LABORATORY COMPANY, LTD.'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND AMENDED COMPLAINT**

Plaintiff Semiconductor Energy Laboratory Company, Ltd. ("SEL") respectfully moves for leave to file the attached Supplemental Reply Memorandum In Support Of Its Motion to Dismiss Plaintiff's Complaint and Amended Complaint ("Supplemental Reply").  The Supplemental Reply is limited to two issues raised for the first time in the Surreply [D.I. 29] of Defendant International Manufacturing and Engineering Services Company Ltd. ("IMES")—the Lanham Act (15 U.S.C. §§ 1051-1141) and the Friendship, Commerce and Navigation Treaty and Protocol between the United States of America and Japan (Apr. 2, 1953, 4 U.S.T. 2063) ("Treaty of Friendship").

The Lanham Act and Treaty of Friendship are IMES' latest efforts to manufacture a case against SEL.  On December 15, 2006, IMES amended its complaint [D.I. 21] to "clarify" its claims and jurisdiction contentions by pleading the Paris Convention for the Protection of

Industrial Property (Mar. 20, 1887, as revised at Stockholm on July 14, 1967, 21 U.S.T. 1583) ("Paris Convention").  *See* IMES' Opp'n Mem. [D.I. 22] at 3 n.5, 10 n.7.  On December 29, 2006, SEL rebutted IMES' Paris Convention assertions in a Reply [D.I. 27].  IMES then filed a surreply [D.I. 29] on January 12, 2007 seeking to augment its Paris Convention claims and jurisdiction contentions by invoking, for the first time, the Lanham Act and the U.S.-Japan Treaty of Friendship.  *See* IMES' Surreply at 6 ("the combination of the Paris Convention and the Lanham Act provide a jurisdictional basis for IMES' claims"), at 4 ("the Friendship Treaty itself is pertinent to the claims in this case"), and at 5 n.4 ("IMES acknowledges that it has not previously invoked the Friendship Treaty" and offering to "file a Second Amended Complaint expressly asserting the Friendship Treaty as a jurisdictional basis for [IMES'] claims.")

For the same reasons set forth by IMES in its motion for leave to file its surreply [D.I. 28], SEL should be granted leave to file this narrowly-tailored Supplemental Reply.  The standard for granting leave to file a supplemental reply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's surreply.  *See Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 71, 74 (D.D.C. 1998).  It is vitally important that SEL be granted an opportunity to address IMES' Lanham Act and Treaty of Friendship assertions in order to aid the Court in resolving SEL's Motion to Dismiss.  *See Stanford v. Potomac Elec. Power Co.*, 394 F. Supp. 2d 81, 87 (D.D.C. 2005) (allowing filing of a surreply "[i]n accordance with the reasoning of *Alexander* and the need to advance efficiency in the processing of cases"); *see also Half Price Books, Records, Magazines, Inc. v. Riepe*, No. Civ.A.3:98-CV-0585-P, 1998 WL 329383, at *2 (N.D.Tex. Jun 12, 1998) ("the Court agrees with Defendant that, as the movant, Defendant is entitled to the 'last word'").

Dated: January 24, 2007                         Respectfully submitted,

                                                                        By: /s/ Brian T. Racilla
                                                                        Michael J. McKeon (Bar No. 459780)
                                                                        Brian T. Racilla (Bar No. 473395)
                                                                        Joshua B. Pond (Bar No. 494722)
                                                                        FISH & RICHARDSON P.C.
                                                                        1425 K Street, N.W., 11th Floor
                                                                        Washington, D.C.  20005
                                                                        Tel:  (202) 783-5070
                                                                        Fax:  (202) 783-2331

                                                                        Counsel for Defendant Semiconductor Energy
                                                                        Laboratory Company, Ltd.

3

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on this 24th day of January, 2007, with a copy of the foregoing **MOTION FOR LEAVE TO FILE SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT** via the Court's CM/ECF system per LCvR 5.4.

| | |
|---|---|
| **Daniel John Healy, Esq.** (**Bar No. 476233**)<br>ANDERSON KILL & OLICK, LLP<br>2100 M Street, N.W.<br>Suite 650<br>Washington, D.C. 20037<br>Tel: (202) 218-0048<br>Fax: (202) 218-0055 | Counsel for Plaintiff International Manufacturing and Engineering Services Company, Ltd. |
| **David A. Einhorn, Esq.**<br>**John M. O'Connor, Esq.**<br>ANDERSON KILL & OLICK, LLP<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Tel: (212) 278-1000<br>Fax: (212) 278-1733 | |

/s/ Brian T. Racilla
Brian T. Racilla

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INTERNATIONAL MANUFACTURING AND ENGINEERING SERVICES COMPANY, LTD.,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**SEMICONDUCTOR ENERGY LABORATORY COMPANY, LTD.,**<br><br>    **Defendant.** | Case No. 1:06-CV-01230 JDB |

## [PROPOSED] ORDER

**IT IS HEREBY ORDERED** this _____ day of _____, 2007 that:

Defendant Semiconductor Energy Laboratory Company, Ltd.'s Motion for Leave to File Supplemental Reply Memorandum In Support of Its Motion to Dismiss Plaintiff's Complaint and Amended Complaint is **GRANTED**.

_____
JOHN D. BATES
UNITED STATES DISTRICT JUDGE

5