**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

INTERNATIONAL MANUFACTURING
AND ENGINEERING SERVICES
COMPANY, LTD.,

               **Plaintiff,**

    **v.**

SEMICONDUCTOR ENERGY
LABORATORY COMPANY, LTD.,

               **Defendant.**

Case No. 1:06-CV-01230 JDB

**ORAL ARGUMENT REQUESTED**

**DEFENDANT SEMICONDUCTOR ENERGY LABORATORY COMPANY, LTD.'S
SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT**

# <u>TABLE OF CONTENTS</u>

I.    IMES' Attempt to Combine Article 10*bis* of the Paris Convention and the
      Lanham Act to Create a Broader, Independent Unfair Competition Claim
      Has Been Rejected Specifically by This and Other Courts...........................................1

II.   The Treaty of Friendship Newly-Raised by IMES Is Both Inapposite and
      Irrelevant .................................................................................................................4

III.  SEL Opposes, and the Court Should Reject, IMES' Invitation to Further
      Amend Its Amended Complaint to Add Unsupported and Futile Theories................5

CONCLUSION .................................................................................................................6

i

## <u>TABLE OF AUTHORITIES</u>

**<u>CASES</u>**                                                                                                                           **<u>Pages</u>**

*Bonzel v. Pfizer*, 439 F.3d 1358 (Fed. Cir. 2006) ...........................................................3, 4

*BP Chemicals Ltd. v. Jiangsu Sopo Corp. (Group) Ltd.*,.....................................................1
    429 F. Supp. 2d 1179 (E.D. Mo. 2006)

*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) ...........................3

*Foman v. Davis*, 371 U.S. 178 (1962) ...................................................................................6

*Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F.3d 1088 (9th Cir. 2004) ................1

*In re Applied Signal Tech., Inc. Sec. Litig.*, No. C05-1027-SBA, ......................................5
    2006 WL 1050174, at *1 (N.D. Cal. Feb. 8, 2006)

*International Café v. Hard Rock Café*, 252 F.3d 1274 (11th Cir. 2001) ............................2

*Keane v. Fox Television Stations, Inc.*, 297 F. Supp. 2d 921 (S.D. Tex. 2004) .................3

*Litton Sys., Inc. v. Ssangyong Cement Indus. Co.*, Nos. 96-1034, 96-1047,......................4
    1997 WL 59360, at *1 (Fed. Cir. Feb. 13, 1997)

*Mattel, Inc. v. MCA Records, Inc.*, 293 F.3d 894 (9th Cir. 2002) ......................................1

*Mays & Assoc., Inc. v. Euler*, 370 F. Supp. 2d 362 (D. Md. 2005) ....................................3

*Oceanic Exploration Co. v. ConocoPhillips, Inc.*,.............................................................2
    Civil Action No. 04-332 (EGS), 2006 WL 2711527, at *1
    (D.D.C. Sept. 21, 2006)

*Pallottino v. City of Rio Rancho*, 31 F.3d 1023 (10th Cir. 1994) .......................................5

*Radolf v. Univ. of Connecticut*, 364 F. Supp. 2d 204 (D. Conn. 2005) ..............................3

*Toho Co. v. Sears, Roebuck & Co.*, 645 F.2d 788 (9th Cir. 1981) .................................4, 5

*Watson v. Norris*, Civ.A.No. 89-0625 CRR, 1990 WL 83307, at *1 ............................1, 5
    (D.D.C. June 8, 1990)

*Williams v. UMG Recordings, Inc.*, 281 F. Supp. 2d 1177 (C.D. Cal. 2003).....................3

In yet another attempt to conjure a cognizable claim against SEL, IMES resorts to two new theories—the Lanham Act combined with the Paris Convention and the Friendship, Commerce and Navigation Treaty of 1953 between Japan and the United States—raised for the first time in its Surreply in further opposition to SEL's motion to dismiss.  *See* Surreply [D.I. 29] at 2, 3.  Plaintiff thus continues to provide this Court and SEL with a "moving target," a tactic which is disfavored greatly by the courts, *see, e.g.*, *Watson v. Norris*, Civ.A.No. 89-0625 CRR, 1990 WL 83307, at *1 n.2 (D.D.C. June 8, 1990), and which speaks volumes about the frivolity of its complaint.  In any event, both of the newly-raised theories have been soundly rejected in recent decisions (curiously not cited by IMES) from this and the Supreme Court.  The arguments raised in IMES' Surreply only demonstrate further the futility of this action and the propriety of its dismissal.

I.     **IMES' Attempt to Combine Article 10***bis* **of the Paris Convention and the Lanham Act to Create a Broader, Independent Unfair Competition Claim Has  Been Rejected Specifically by This and Other Courts**

IMES argues "the Paris Convention in fact creates an independent cause of action for 'unfair competition' as alleged in the Amended Complaint."  Surreply at 7.  IMES also argues that based upon the plain language of the pertinent Lanham Act and Paris Convention provisions concerning unfair competition, "the more persuasive approach is that the combination of the Paris Convention and the Lanham Act do indeed create additional substantive rights."  *Id.* at 8.  In support of its argument, IMES misconstrues the law and dismisses contrary precedent[1] of

---

[1]     IMES cites to *BP Chemicals Limited v. Jiangsu Sopo Corporation (Group) Limited*, 429 F. Supp. 2d 1179 (E.D. Mo. 2006) and admits the *Jiangsu* court rejected the minority line of cases cited by IMES in its Surreply to support its argument that it has some "independent cause of action for 'unfair competition'" under the Paris Convention. Surreply at 7.  Instead, the *Jiangsu* court adopted the majority view—also urged by SEL here—that the Paris Convention does not create independent substantive rights for claims of unfair competition.  *Jiangsu*, 429 F. Supp. 2d at 1188-89.  This court also has adopted the majority view, thus precluding IMES' claim of unfair competition. *See infra.*  Moreover, courts repeatedly hold "a party has no claim to a nonexistent federal cause of action for unfair competition" under the Paris Convention.  *See Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F.3d 1088, 1100 (9th Cir. 2004) (quoting *Mattel, Inc. v. MCA Records, Inc.*, 293 F.3d 894, 908 (9th Cir. 2002)).

another court (solely on attorney argument) because, in IMES' view, the court "faltered" and "failed to follow through on this analysis" by adopting the "national treatment approach" that would preclude IMES' claim.  *Id.* at 7-8 & n.5.

However, the *Jiangsu* case cannot be disregarded so lightly, because recently this Court reviewed the issue at bar, adopted the same "national treatment approach" criticized by IMES, and firmly rejected IMES' theory of the case.  *See Oceanic Exploration Co. v. ConocoPhillips, Inc.*, Civil Action No. 04-332 (EGS), 2006 WL 2711527, at *1 (D.D.C. Sept. 21, 2006) (dismissing Lanham Act claim against defendant).

In *Oceanic Exploration*, this Court specifically rejected the plaintiff's argument that the Paris Convention as implemented by the Lanham Act "provides them with relief for a separate claim of unfair competition."  *Id.* at *18.[2]  The Court further held that it

> disagrees with plaintiffs' contention that Article 10*bis* of the Paris Convention requires signatory nations to prohibit unfair competition more generally and broadly, beyond trademark infringement and false designation of origin or passing off.  The majority of the courts that have dealt with this question have concluded that "Article 10*bis* itself does not create additional substantive rights."… *See also International Café v. Hard Rock Café*, 252 F.3d 1274 (11th Cir. 2001) ("[w]e agree that section 44 of the Lanham Act incorporated, to some degree, the Paris Convention. But we disagree that the Paris Convention created substantive rights beyond those independently provided in the Lanham Act. As other courts of appeals have noted, the rights articulated in the Paris Convention do not exceed the rights conferred by the Lanham Act").

*Oceanic Exploration*, 2006 WL 2711527, at *19 (citation string omitted).[3]

The insurmountable roadblocks to IMES' contentions do not end here.  The Supreme Court also has precluded the specific theory underlying the Paris Convention-*cum*-Lanham Act

---

[2]     As such, the arguments presented by IMES in its surreply at pages 2-9 in support of its "independent" unfair competition claim under the Paris Convention are largely superseded and inapposite.

[3]     The court in the *Oceanic Exploration* case did not dismiss the plaintiff's state law unfair competition claim because it was based on allegations of commercial bribery, which previously had been adjudicated to constitute unfair competition by District of Columbia courts.  *Oceanic Exploration*, 2006 WL 2711527, at *21.  In this case, IMES has failed to allege facts or to state a claim for unfair competition under District of Columbia law.  *See* SEL Reply [D.I. 27] at 17-21.

unfair competition claim IMES now cobbles together in its Surreply. *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 34-37 (2003) (reversing summary judgment of violation of Section 43(a) of Lanham Act).[4]  The Supreme Court in *Dastar* cautioned

> The consumer who buys a branded product does not automatically assume that the brand-name company is the same entity that came up with the idea for the product, or designed the product—and typically does not care whether it is.  The words of the Lanham Act should not be stretched to cover matters that are typically of no consequence to purchasers.
>
> *   *   *
>
> Thus, in construing the Lanham Act, we have been careful to caution against misuse or over-extension of trademark and related protections into areas traditionally occupied by patent or copyright.  The Lanham Act, we have said, does not exist to reward manufacturers for their innovation in creating a particular device; that is the purpose of the patent law and its period of exclusivity.  Federal trademark law has **no necessary relation to invention** or discovery.

*Dastar Corp.*, 539 U.S. at 32-34 (internal quotations and citations omitted); *see id.* at 37 ("To hold otherwise would be akin to finding that § 43(a) created a species of perpetual patent and copyright, which Congress may not do.").  Following the *Dastar* decision, courts now routinely dismiss plaintiffs' claims that their rights were somehow violated under § 43(a) of the Lanham Act when such claims are based on allegations of false attribution of an idea, concept, invention, or results of research to the defendant.[5]

---

[4]    The recent, on-point 2003 *Dastar* decision from the Supreme Court further undermines IMES' generic invocation of archaic cases, such as the *International News Service* case of 1918 (*see* Surreply at 4, 9 n.6).

[5]    *See, e.g.*, *Radolf v. Univ. of Connecticut*, 364 F. Supp. 2d 204, 221-223 (D. Conn. 2005) (finding plaintiff's Lanham Act unfair competition claim that "centers around his contention that he was the ***'author' or originator of the ideas and concepts*** that underlie the DOD Grant… necessarily fails in light of *Dastar*."); *Mays & Assoc., Inc. v. Euler*, 370 F. Supp. 2d 362, 370-71 (D. Md. 2005) (granting motion to dismiss Lanham Act unfair competition claim); *Keane v. Fox Television Stations, Inc.*, 297 F. Supp. 2d 921, 934-935 (S.D. Tex. 2004) (granting motion to dismiss with prejudice plaintiff's false designation of origin claims and holding "the Lanham Act does not create a cause of action for…the use of otherwise unprotected works ***and inventions*** without attribution."); *Williams v. UMG Recordings, Inc.*, 281 F. Supp. 2d 1177, 1182-84 (C.D. Cal. 2003) (granting motion for reconsideration and dismissing Lanham Act unfair competition claim in light of *Dastar* decision).

Thus, IMES has failed to demonstrate it has substantive rights in its Paris Convention unfair competition claim.  Nor does this court have subject matter jurisdiction over such a claim,[6] and even if IMES could articulate some Paris Convention-*cum*-Lanham Act unfair competition claim under the present facts, it would be barred by the Supreme Court's *Dastar* decision.

## II.     The Treaty of Friendship Newly-Raised by IMES Is Both Inapposite and Irrelevant

IMES' reliance on the Treaty of Friendship, Commerce and Navigation, April 2, 1953, U.S.-Japan, 4 U.S.T. 2063 ("Treaty of Friendship"), as yet another attempt to find subject matter jurisdiction likewise is to no avail.  Both in general and as applied to this case, the Treaty of Friendship merely requires that Japanese companies be treated as favorably as domestic companies with respect to claims of unfair competition.  *See, e.g., Toho Co. v. Sears, Roebuck & Co.*, 645 F.2d 788, 792-93 (9th Cir. 1981) (affirming Rule 12(b)(6) dismissal of action alleging trademark infringement and unfair competition); *accord Bonzel v. Pfizer*, 439 F.3d 1358, 1365 (Fed. Cir. 2006) (affirming dismissal for lack of jurisdiction).  Because none of SEL's arguments in support of its motion to dismiss hinge on IMES' status as a Japanese (or foreign) entity[7], the Treaty of Friendship is irrelevant and inapplicable here.  As demonstrated in SEL's moving papers and above, IMES' alleged causes of action fail as a matter of law for lack of jurisdiction, lack of justiciability, and failure to state a claim regardless of the entity (domestic or foreign) alleging them.  Nevertheless, IMES' invocation of the Treaty of Friendship cannot create personal or subject matter jurisdiction where there is none, *accord Bonzel*, 439 F.3d at 1365

---

[6]    *See, e.g., Bonzel v. Pfizer*, 439 F.3d 1358, 1364-65 (Fed. Cir. 2006) (the Paris Convention "require[s] a nation's courts to give equal treatment to nationals of other nations; [it] do[es] not establish jurisdiction.")

[7]    Indeed, the only argument offered by SEL in support of its motion to dismiss regarding IMES' status as a Japanese corporation—*viz.*, lack of diversity jurisdiction under 28 U.S.C. § 1332—was conceded by IMES.  *See* SEL Reply Br. [D.I. 27] at 6 n.6.

(holding "[Friendship] treaties[8]…do not establish jurisdiction" and affirming dismissal), and cannot remedy IMES' failure to establish a cognizable claim of unfair competition. *See, e.g.*, *Toho Co.*, 645 F.2d at 793-94 (affirming Rule 12(b)(6) dismissal). Moreover, if the Court adopts IMES' reading of the Treaty of Friendship, it would provide foreign parties with rights and access to the courts that are even greater than those provided to domestic parties—a result not intended or permitted by the Treaty of Friendship.

### III.    SEL Opposes, and the Court Should Reject, IMES' Invitation to Further Amend Its Amended Complaint to Add Unsupported and Futile Theories

In its Surreply, IMES presents two new theories in support of its deficient claims against SEL—namely, under the Paris Convention-*cum*-Lanham Act and the Treaty of Friendship—and offers to further amend its Amended Complaint to add the Treaty of Friendship as a basis for subject matter jurisdiction for its claims. Surreply at 5 n.4.

Procedurally, this Court should reject IMES' attempt to add these new theories because (1) it allows IMES to transform its complaint into even more of a "moving target," which is disfavored by courts—*see Watson*, 1990 WL 83307, at *1 n.2; *In re Applied Signal Tech., Inc. Sec. Litig.*, No. C05-1027-SBA, 2006 WL 1050174, at *22 (N.D. Cal. Feb. 8, 2006) (finding the "typically liberal standard of allowing leave to amend should not be employed to require Defendants to defend against an amorphous, 'moving target'")—and (2) it allows IMES to impose upon the resources of this Court and SEL by presenting its theories seriatim—*see Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) ("Where the party seeking the amendment knows or should have known of the facts upon which the proposed amendment is

---

[8]    In the recent *Bonzel* case, the Federal Circuit reviewed Article 6 of the U.S.-Germany Treaty of Friendship; however, the U.S.-Japan Treaty of Friendship's Article 4, which is cited by IMES as a basis for jurisdiction (Surreply at 4), is identical in all relevant respects to Article 6 of the U.S.-Germany Treaty, which the *Bonzel* court held does "not establish jurisdiction." The older, unpublished Federal Circuit decision cited by IMES—*Litton Systems, Inc. v. Ssangyong Cement Industrial Co.*, Nos. 96-1034, 96-1047, 1997 WL 59360, at *1 (Fed. Cir. Feb. 13, 1997)—is of little to no import here because, among other reasons, the Federal Circuit expressly limited its holding to Ninth Circuit law. *See id.* at *4.

based but fails to include them in the original complaint, the motion to amend is subject to denial.").

Substantively, this Court should reject IMES' attempt to add these new theories to the case because, as explained *supra*, at least the *Oceanic Exploration*, *Dastar Corporation*, and *Bonzel* decisions (as well as the unaddressed deficiencies raised in SEL's Motion to Dismiss) each render such amendments futile.[9] *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding "futility of the amendment" to be a consideration in determining whether to deny leave to amend a complaint).

## CONCLUSION

For at least the reasons set forth herein and in SEL' s Motion to Dismiss [D.I. 5] and Reply in support thereof [D.I. 27], SEL respectfully requests this Court dismiss the Complaint and Amended Complaint filed by IMES.

Dated: January 24, 2007

Respectfully submitted,

By: /s/ Brian T. Racilla
Michael J. McKeon (Bar No. 459780)
Brian T. Racilla (Bar No. 473395)
Joshua B. Pond (Bar No. 494722)
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
Tel: (202) 783-5070
Fax: (202) 783-2331

Counsel for Defendant Semiconductor
Energy Laboratory Company, Ltd.

---

[9] Additionally, IMES' Complaint and Amended Complaint do not allege any violations of the Lanham Act. SEL would oppose an attempt by IMES to now add them. Any effort to shoehorn IMES' deficient allegations into the unfair competition provisions of the Lanham Act would necessarily fail under Rule 12(b)(6), for example, under the *Dastar* holding and because IMES has not alleged, and cannot allege, any facts to support that the statements-at-issue made to the U.S. Patent Office in the Tsutsui '843 patent application were "in commerce" as required by the Lanham Act. *See* 15 U.S.C. § 1125(a).

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on this 24th day of January, 2007, with a copy of **DEFENDANT SEMICONDUCTOR ENERGY LABORATORY COMPANY, LTD.'S SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT** via the Court's CM/ECF system per LCvR 5.4.

**Daniel John Healy, Esq. (Bar No. 476233)**
ANDERSON KILL & OLICK, LLP
2100 M Street, N.W.,  Suite 650
Washington, DC  20037
Tel: (202) 218-0048
Fax: (202) 218-0055
Email: dhealy@andersonkill.com

**David Allen Einhorn, Esq.**
ANDERSON KILL & OLICK, PC
1251 Avenue of the Americas, 42nd Floor
New York, NY  10020
Tel: (212) 278-1359
Email: deinhorn@andersonkill.com

**John M. O'Connor, Esq.**
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas, 42nd Floor
New York, NY  10020
Tel: (212) 278-1014
Email: joconnor@andersonkill.com

Counsel for Plaintiff International
Manufacturing and Engineering
Services Company, Ltd.

/s/ Brian T. Racilla
Brian T. Racilla