UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL MANUFACTURING AND ENGINEERING SERVICES COMPANY, LTD.,<br><br>          **Plaintiff,**<br><br>   v.<br><br>SEMICONDUCTOR ENERGY LABORATORY COMPANY, LTD.,<br><br>          **Defendant.** | Case No. 1:06-CV-01230 JDB |

**SEMICONDUCTOR ENERGY LABORATORY COMPANY, LTD.'S MOTION FOR ATTORNEYS' FEES AND COSTS AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Federal Rule of Civil Procedure 54(d) and LCvR 54.1 & 54.2, Defendant Semiconductor Energy Laboratory Co., Ltd. ("SEL") respectfully moves for reimbursement of its attorneys' fees and costs incurred to defend against the ill-advised lawsuit brought by Plaintiff International Manufacturing and Engineering Services Company, Ltd.'s ("IMES"). This Court's Memorandum Opinion [D.I. 34] and Order [D.I. 33] dated July 16, 2007 dismissing this action for lack of personal jurisdiction confirms what has been clearly evident from the beginning – IMES' lawsuit was brought here with a clear disregard of the jurisdictional facts, and, despite that, IMES made repeated, unwarranted motions that only further increased the burdens on SEL. Accordingly, SEL seeks recovery of its attorneys' fees and/or costs pursuant to this Court's inherent equitable powers, 28 U.S.C. § 1927, and 28 U.S.C. § 1919.

## BACKGROUND

A brief recitation of the procedural background of this case demonstrates both the reckless indifference shown by IMES to the merits of its jurisdictional claims and the unreasonable multiplication of proceedings before this Court by IMES.

IMES filed this action against SEL on July 7, 2006 alleging counts of "unfair competition" and "injurious falsehood" based on a patent application filed by SEL that is pending at the United States Patent and Trademark Office ("USPTO"). Compl. ¶ 1 [D.I. 1]. IMES' sole basis for alleging personal jurisdiction over SEL was the federal long-arm statute set forth at 35 U.S.C. § 293 (2000). *Id.* ¶ 5; *see also* Mem. Op. at 5 [D.I. 34]. On October 13, 2006, SEL specially appeared before this Court to move to dismiss the Complaint pursuant to, *inter alia*, Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction because SEL was not a "patentee" as required by the plain language of Section 293. [D.I. 5.] However, the next paper filed by IMES was not an opposition to SEL's motion to dismiss; instead, IMES initiated an auxiliary round of briefing aimed at delaying any review of SEL's meritorious motion to dismiss.

After receiving an extension of time to file its opposition to SEL's motion to dismiss, on October 31, 2006, IMES instead filed a motion to stay its own case. [D.I. 15.] In addition, IMES requested the scheduling order be amended such that SEL respond to IMES' motion for a stay *before* IMES had to respond substantively to SEL's motion to dismiss, including SEL's arguments regarding the lack of personal jurisdiction that ultimately were adopted by this Court. [D.I. 15.] SEL drafted an opposition to IMES' motion for a stay in this action and filed the opposition on November 13, 2006. [D.I. 17.] Shortly thereafter, SEL then was forced to file a paper with the Court to correct misstatements made in another motion for extension of time

sought by IMES and to request changes to the scheduling order to mitigate against the further extension of time sought by IMES. [D.I. 19.]

On December 15, 2006, IMES filed a reply in support of its motion to stay its case [D.I. 23] and an opposition to SEL's motion to dismiss [D.I. 22]. Recognizing the deficiencies in its complaint, IMES also filed an amended complaint [D.I. 21] that purportedly added additional theories in support of the jurisdictional claim made by IMES with respect to its "unfair competition" count. SEL addressed the "new" theories from the amended complaint (as well as those arguments raised in IMES' opposition) in the reply papers SEL filed in support of its motion to dismiss [D.I. 27] on December 29, 2006. On January 12, 2007, IMES initiated yet another round of briefing by filing a "surreply" memorandum in further opposition to SEL's motion to dismiss [D.I. 29] to expand upon arguments on subject-matter jurisdiction first presented in IMES' amended complaint. In response, SEL was required to file a "supplemental" reply memorandum in further support of its motion to dismiss [D.I. 31] on January 25, 2007 to counter IMES' erroneous arguments.

On July 16, 2007, the Court found that it lacks personal jurisdiction over SEL [D.I. 34] as urged by SEL in its motion to dismiss, and the Court issued an Order granting SEL's motion to dismiss and denying IMES' motion for a stay [D.I. 33].

## ARGUMENT

Despite IMES' best efforts to avoid reaching any of the merits of SEL's motion to dismiss, this Court finally was able to review the "straightforward personal jurisdiction issue" and find that it lacks personal jurisdiction over SEL. Mem Op. at 1 n.1. This Court found that the jurisdictional reach of Section 293 was limited to foreign "patentees." *Id.* at 9. The Court explained that both the plain language of Section 293 and the statutory language of Title 35 of

the U.S. Code supported this conclusion. *Id.* at 5-7. The Court found that patent applicants, such as SEL, are "not encompassed within the meaning of 'patentee' for purposes of § 293" and that "it is difficult to understand" IMES' arguments to the contrary. *Id.* at 9.

Rather than allow the Court to address the "straightforward personal jurisdiction issue" fatal to IMES in the ordinary course of events, IMES instead engaged in a pattern of behavior designed specifically to **prevent** this Court from reaching the personal jurisdiction issue and increase the fees incurred by SEL. Mem. Op. at 1 n.1. First, IMES improperly sought to stay the proceedings of its own case rather than allow this Court examine the deficiencies in IMES' personal jurisdiction allegations. This was not only vexatious to SEL, it also unreasonably multiplied the number of filings and proceedings before this Court. Moreover, IMES continued to draw out the proceedings and increase SEL's fees by filing amendments and additional papers citing to ever-more arcane and futile theories, such as the Paris Convention for the Protection of Industrial Property, Mar. 20, 1883 (as revised on July 14, 1967) and the Friendship, Commerce and Navigation Treaty and Protocol between the United States of America and Japan. *See, e.g.*, IMES' Am. Compl. ¶¶ 6-9 (Paris Convention) [D.I. 21] and IMES' Surreply Mem. at 3 (Friendship Treaty) [D.I. 29]. Each one of these unreasonable, vexatious, and unsupportable rounds of briefing dramatically increased SEL's attorneys' fees and costs to defend against such unjustified and dilatory claims in this case. There are three separate, independent sources of authority for the court to award attorneys fees and cost here. We address each of them below.

**A.    Award Pursuant to this Court's Inherent Equitable Powers**

Through its inherent equitable powers, "a court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975) (internal citations omitted); *see also*

*Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991).  The moving party must show that the offending party acted in bad faith, vexatiously, wantonly, or for oppressive reasons by clear and convincing evidence.  *Shepherd v. Am. Broadcasting Cos., Inc.*, 62 F.3d 1469, 1477 (D.C. Cir. 1995).

Here, it is clear that IMES acted in bad faith, vexatiously, wantonly, or for oppressive reasons during the origination and pendency of this case.  First, the personal jurisdiction claims made in IMES' complaint were frivolous and not well grounded in fact.  The jurisdictional reach of Section 293 plainly is limited to foreign "patentees."  *See supra* at 3-4.  IMES' improper allegations of personal jurisdiction ignored and directly contradicted the facts set forth in its own complaint, including the oft-cited fact that SEL was still only an "applicant" for a patent.  *Compare* Compl. ¶ 5 *with* ¶¶ 1, 88-89, 118-119.  Also, IMES perpetuated this misconduct through the filing of numerous memoranda—including IMES' motions to stay, an amended complaint, and surreply—well after the jurisdictional errors were revealed to them.

IMES further acted in bad faith and vexatiously when it separately sought to stay the proceedings rather than respond to SEL's prevailing arguments about the obvious lack of personal jurisdiction under Section 293.  Indeed, IMES' improper behavior required SEL to incur the additional fees of drafting and filing what should have been an unnecessary opposition to IMES' motion to stay and supplemental reply in support of SEL's motion to dismiss.   SEL is entitled to recover these attorneys' fees and costs.  *See, e.g.*, *Lipsig v. Nat'l Student Mktg. Corp.*, 663 F.2d 178, 182 (D.C. Cir. 1979) (affirming award of attorneys fees pursuant to courts inherent equitable powers); *Int'l Ass'n of Teamsters v. Ass'n of Flight Attendants*, Civ. A. No. 86-2834, 1988 WL 8278, *4 (D.D.C. Jan. 25, 1988) (granting award of attorneys' fees pursuant to, *inter alia*, inherent equitable powers and 28 U.S.C. § 1927).

B.     **Award Pursuant to 28 U.S.C. § 1927**

As demonstrated above, IMES purposefully and needlessly multiplied the number of filings and proceedings before this Court by moving to stay the action rather than respond to SEL's motion to dismiss and by filing IMES' amended complaint and subsequent, related papers (including IMES' surreply).  If this Court determines that SEL is not entitled to its attorneys' fees and costs pursuant to the Court's inherent equitable powers as set forth above, then SEL respectfully requests reimbursement of its attorneys' fees and costs incurred defending against IMES' action pursuant to 28 U.S.C. § 1927.  Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (2006).

An aggrieved party need not show "subjective bad faith" by the non-moving attorney to justify an award of attorneys' fees and costs under this provision.  The aggrieved party only needs to demonstrate a "reckless indifference to the merits of a claim" by the non-moving attorney.  *Reliance Ins. Co. v. Sweeney Corp.*, 792 F.2d 1137, 1138 (D.C. Cir. 1986) (affirming imposition of attorneys' fees under 28 U.S.C. § 1927).  Here, IMES demonstrated at least a "reckless indifference" to the merits of its complaint by encouraging this Court to stay the case rather than address the merits set forth in SEL's motion to dismiss and, later, by filing an amended complaint that failed to rectify the jurisdictional deficiencies therein.  These actions also needlessly and unreasonably multiplied the number of filings required from SEL and fees incurred by SEL to defend itself in this case.  SEL is entitled to recover these attorneys' fees and

6

costs. *See, e.g.*, *Reliance Ins. Co.*, 792 F.2d at 1139; *Int'l Ass'n of Teamsters*, 1988 WL 8278 at *4.

### C.   Award Pursuant to 28 U.S.C. § 1919

If this Court determines that SEL is not entitled to its attorneys' fees or costs pursuant to the Court's inherent equitable powers or 28 U.S.C. § 1927 as set forth above, then SEL respectfully requests reimbursement of its costs incurred defending against IMES' action pursuant to 28 U.S.C. § 1919.  Section 1919 states:

> Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs.

28 U.S.C. § 1919 (2006).

The taxing of costs under § 1919 rests in the sound judicial discretion of the district court. *See, e.g.*, *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998); *Mashak v. Hacker*, 303 F.2d 526, 526-27 (7th Cir. 1962).  The awarding of costs under Section 1919 turns on whether such an award is "just."  28 U.S.C § 1919.

As noted above, SEL's costs should be reimbursed because IMES did not have any plausible grounds for asserting the existence of personal jurisdiction in this case and acted in a "vexatious" or "frivolous" manner by subjecting SEL to several rounds of improper and unreasonable briefing.  IMES' flawed complaint and dilatory behavior in initiating several rounds of unnecessary and improper briefing supports an award of SEL's costs as "just."  28 U.S.C. § 1919.

## CONCLUSION

For at least the reasons set forth above, SEL respectfully requests an award of its reasonable attorneys' fees and costs incurred thus far in this case.  In support of this motion and

pursuant to Rule 54(d), SEL states that the attorneys fees and costs incurred associated with the defense of this action are in the order of $350,000.  Pursuant to the above-cited federal and local rules, SEL respectfully requests that the Court extend the deadline for SEL to provide any detailed report of bill of costs and attorneys' fees until 14 days after final resolution of this motion.

Dated: July 30, 2007                                    Respectfully submitted,


                                                        By: /s/ Michael J. McKeon
                                                        Michael J. McKeon (Bar No. 759780)
                                                        Brian T. Racilla (Bar No. 473395)
                                                        Joshua B. Pond (Bar No. 494722)
                                                        FISH & RICHARDSON P.C.
                                                        1425 K Street, N.W., 11th Floor
                                                        Washington, D.C.  20005
                                                        Tel:  (202) 783-5070
                                                        Fax:  (202) 783-2331

                                                        Counsel for Defendant Semiconductor Energy
                                                         Laboratory Co., Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on this 30th day of July, 2007, with a copy of the foregoing **MOTION FOR ATTORNEYS' FEES AND COSTS AND MEMORANDUM IN SUPPORT THEREOF** via the Court's CM/ECF system per LCvR 5.4.

| | |
|---|---|
| **David A. Einhorn, Esq.**<br>**John M. O'Connor, Esq.**<br>ANDERSON KILL & OLICK, LLP<br>1251 Avenue of the Americas<br>New York, New York  10020<br>Tel: (212) 278-1000<br>Fax: (212) 278-1733 | Attorneys for Plaintiff International<br>Manufacturing and Engineering<br>Services Company, Ltd. |

/s/ Brian T. Racilla
Brian T. Racilla

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **INTERNATIONAL MANUFACTURING AND ENGINEERING SERVICES COMPANY, LTD.,**<br><br>         **Plaintiff,**<br><br>   v.<br><br>**SEMICONDUCTOR ENERGY LABORATORY COMPANY, LTD.,**<br><br>         **Defendant.** | Case No. 1:06-CV-01230 JDB |

**[PROPOSED] ORDER GRANTING DEFENDANT'S
MOTION FOR ATTORNEYS' FEES AND COSTS**

**IT IS HEREBY ORDERED** this _____ day of _____, 2007 that:

The Motion for Attorneys' Fees and Costs filed by Defendant Semiconductor Energy Laboratory Co., Ltd. ("SEL") on July 30, 2007 is **GRANTED**. The deadline for Defendant SEL to file an accounting of its attorneys' fees and costs shall be fourteen (14) days after the date of this order granting such attorneys' fees and/or costs.

_____
JOHN D. BATES
UNITED STATES DISTRICT JUDGE

10