UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL MANUFACTURING AND ENGINEERING SERVICES COMPANY, LTD.<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SEMICONDUCTOR ENERGY LABORATORY COMPANY, LTD,<br><br>　　　　　　　　　Defendant. | CASE NO.:  1:06-CV-01230(JDB) |

## INTERNATIONAL MANUFACTURING AND ENGINEERING SERVICES COMPANY LTD.'S OPPOSITION TO THE MOTION FOR ATTORNEY'S FEES AND COSTS

Plaintiff, International Manufacturing and Engineering Services Co., Ltd. ("IMES") respectfully submits the following memorandum in opposition to the motion of Semiconductor Energy Laboratory Company Ltd. ("SEL") for attorney's fees and costs.

**I.　PRELIMINARY STATEMENT**

SEL claims that IMES' action and its motion for a stay were vexatious and frivolous and that IMES unnecessarily multiplied proceedings. Ironically, it is this motion by SEL for attorneys' fees that is frivolous and that needlessly multiplies these proceedings.

Prior to the Court's ruling in SEL's favor on the issue of personal jurisdiction, it was unclear which way the personal jurisdiction ruling would go, as it was an issue of first impression. SEL made no Rule 11 motion at that time alleging, as it does now, that IMES' claims were frivolous or vexatious. To the contrary, in case the Court were to rule in favor of IMES on the issue of personal jurisdiction, SEL advanced numerous alternative arguments, including lack of subject matter jurisdiction, lack of

NYDOCS1-871495.4

standing, that the claims were barred by the statute of limitations, and that the amended complaint failed to state claim for unfair competition, injurious falsehood, or under the Paris Convention. Obviously, if the personal jurisdiction claim were truly frivolous, there would have been no need to advance these extensive alternative arguments.

However, once this Court ruled in its favor on the personal jurisdiction issue, SEL, relying on 20/20 hindsight, decided to claim that the personal jurisdiction issue was frivolous. Of course, SEL had a problem in that it had never made a Rule 11 motion, the preferred procedure for bringing such a contention to the attention of the parties and the court. Accordingly, SEL now attempts to shoehorn its "frivolous" claim within the case law applying the court's inherent powers and within sections 1927 and 1919 of Title 28.

As shown below, there is no merit to SEL's contentions and its motion should be denied in its entirety.

## II.    BACKGROUND

SEL misappropriated IMES' proprietary ideas and concepts regarding organic light emitting diode technology (the "Invention") and filed and prosecuted certain patent applications that are based substantially, if not entirely, upon IMES' Invention. Opposition to Motion to Dismiss ("Opp. To MOD") p. 1 [D.I. 22].

IMES is the exclusive owner of the Invention at issue. As was alleged in IMES' Amended Complaint ("Amended Complaint"), SEL improperly obtained IMES' confidential and proprietary information concerning that Invention, unfairly used that information to file patent applications and falsely represented to the United States

Patent and Trademark Office ("USPTO") that SEL is the exclusive owner of the right to that Invention and that it was invented by Dr. Tetsuo Tsutsui. Amended Complaint ¶¶ 1, 49-61 [D.I. 21]. At issue in this case were claims that turned on questions of inventorship and ownership of the Invention and the enforceability of SEL's patent applications.

At the very outset of this dispute, prior to instituting the present litigation, IMES invited SEL to enter into a tolling agreement. *See* Einhorn Dec. in Support of Reply to Motion for Stay ¶ 3 [D.I. 23]. IMES proposed that the parties agree that the statute of limitations be tolled for approximately eight months from the time of the proposal. *Id.* However, SEL rejected IMES' offer, forcing IMES to file suit immediately in order to meet a possible statute of limitations deadline. *Id.*

In its Amended Complaint, IMES asserted three causes of action, namely, unfair competition, injurious falsehood and unfair competition under the Paris Convention. Those claims set out SEL's predatory taking of confidential information from IMES and using the same to file patent applications in its own name, along with other acts alleged in the Amended Complaint. These acts of SEL have caused IMES great harm. IMES has invested millions of dollars to support the research and development of the Invention, and SEL's actions have deprived IMES of the benefit of IMES' investment and placed a cloud on IMES' ownership of the Invention.

At the time IMES instituted this litigation, SEL was in the process of prosecuting its patent applications before the USPTO and no final determination regarding its applications had been rendered at the time by the USPTO. Indeed, the USPTO has still not allowed those applications and prosecution proceedings are

ongoing. IMES filed a motion to stay proceedings in an effort to reduce costs for the parties and to avoid waste of judicial resources because the matter might conceivably have been resolved at the USPTO.

This Court dismissed IMES' Amended Complaint without prejudice. The Court held that it had no personal jurisdiction over SEL because SEL was an applicant and not a "patentee" within the meaning of 35 U.S.C. § 293. Memorandum Opinion at pp. 9, 10 [D.I. 34].[1] This Court has not to date addressed any of the merits of this matter. *Id.*

### III.   ARGUMENT

    **I.   SEL Is Not Entitled To Attorney's Fees Or Costs Because IMES Has Not Acted In Bad Faith, Vexatiously, Wantonly Or For Oppressive Reasons**

        1.   <u>SEL is not entitled to an award pursuant to this Court's inherent powers</u>

As has been conceded by SEL, the moving party must demonstrate that the other party acted in bad faith, vexatiously, wantonly or for oppressive reasons by clear and convincing evidence. *Shepard v. Am. Broadcasting Cos, Inc.*, 62 F.3d 1469, 1477 (D.C. Cir. 1995). SEL has presented no evidence, much less "clear and convincing" evidence, showing bad faith on IMES' part. Further, inherent power should be exercised in "narrowly defined circumstances" and "with restraint and discretion". *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991).

---

[1] SEL will become a patentee in the future if any of its patent applications proceed to issue.

SEL claims that IMES acted improperly in instituting litigation and in moving for a stay. Both these arguments are frivolous and unfounded.

IMES' argument for personal jurisdiction was based on a fair interpretation of 35 U.S.C. § 293 and related case law. Opp. To MOD pp. 4,5 [D.I. 22]. IMES argued, with support from *National Patent Dev. Corp. v. T.J. Smith & Nephew Ltd.*, 877 F.2d 1003, 1007 (D.C. Cir. 1989) (*en banc*) and *Deprenyl Animal Health, Inc. v. The University of Toronto Innovations Foundation*, 297 F. 3d 1343, 1353 (Fed. Cir. 2002), that the Court had personal jurisdiction over SEL based on SEL having purposely availed itself of the protection of the USPTO and based upon the effect of SEL's patent applications on IMES' "patent rights".[2] Moreover, there are no cases that have held that Section 293 is not applicable to an applicant for a patent.

SEL also argues that 35 U.S.C. § 293 "plainly is limited to foreign 'patentees'". SEL Motion for Fees p. 4 [D.I. 35]. First, it is not "plain" that this section would not be applicable to patent applicants, who eventually became "patentees". Until this Court ruled, this issue had never been decided by any court. It is SEL playing "Monday morning quarterback" that makes it "plain."

Second, if it was so plain that Section 293 was inapplicable to the instant litigation, and SEL was so certain of the same, there would have been no need for SEL to have raised several additional arguments and grounds in its motion to dismiss.[3] The very fact that SEL felt the necessity to allege and argue several additional grounds for

---

[2]   Section 293 concerns the exercise of personal jurisdiction in proceedings affecting the "patent or rights thereunder."

[3]   SEL alleged and argued lack of subject matter jurisdiction, lack of standing, the statute of limitations having run and failure to state claims for unfair competition, injurious falsehood and unfair competition under the Paris Convention. SEL Motion to Dismiss [D.I. ___].

dismissal shows that the issue was not "plain" and that SEL was not confident of its success on this ground.

SEL's next argues that IMES acted in bad faith and vexatiously when it moved to stay the litigation. This argument too is without merit. IMES moved to stay the prosecution of this action because, as a practical matter, it would be much more efficient for the court and the parties to address the substantive issues raised after the USPTO had determined whether to allow the SEL patent application claims at issue. SEL is currently in the process of prosecuting its patent applications. The matter could conceivably be resolved in the prosecution proceedings before the USPTO, such as by rejection of SEL's patent applications, thereby obviating the need to proceed with the litigation before this Court.

In view of SEL's refusal to enter into a tolling agreement and the possible running of a statute of limitations that would bar IMES' claims, IMES was compelled to bring suit before this Court to redress its grievances. In moving to stay the prosecution of the matter before this Court, IMES attempted to save the resources of this Court and the parties. These certainly do not constitute bad faith, vexatious, wanton or oppressive acts.

It is significant that SEL made no motion under Rule 11. Clearly, at the time when the Amended Complaint and the Motion for Stay were filed, SEL did not view IMES' claims as made in "bad faith" or as "vexatious" or "frivolous". If IMES' claims were patently frivolous, as SEL now contends, SEL would have moved under Rule 11. It is only after this Court ruled that SEL developed its 20/20 hindsight and, in an

attempted end run around the notice provision of Rule 11, filed the instant motion invoking this Court's inherent powers.

Moreover, SEL's claim that it is entitled to attorneys' fees in these circumstances is not supported by any authority. *Lipsig v. Nat'l Student Marketing Corp.*, 663 F.2d 178 (D.C. Cir. 1980), relied upon by SEL, is inapposite and far removed from the facts of this case. In *Lipsig*, the court upheld an award of attorney's fees because "of numerous factual findings" that the party "engaged in dilatory tactics during discovery and courtroom hearings, consistently failed to meet scheduled filing deadlines, misused the discovery privilege and on at least two occasions 'seriously misled the Court by misquoting or omitting material portions of documentary evidence.'" *Id.* at 181. In the present case, there are no such findings of the Court against IMES. IMES has been diligent in litigating its case and did, in fact, move to stay proceedings to *prevent* waste of judicial resources.

    2.    <u>SEL is not entitled to an award pursuant to 28 U.S.C. § 1927 or costs pursuant to 28 U.S.C. § 1919</u>

SEL argues that IMES demonstrated "'reckless indifference' to the merits of its complaint by encouraging this Court to stay the case rather than address the merits set forth in SEL's motion to dismiss, and, later, by filing an amended complaint that failed to rectify the jurisdictional deficiencies therein." SEL Motion for Fees pp. 6,7 [D.I. 35]. First, the amendment to the first-filed complaint did not concern the issue of personal jurisdiction. As has been set forth *supra*, IMES believed in good faith that its position on personal jurisdiction had support in the case law. IMES' amendment merely added an additional cause of action and basis for subject matter jurisdiction, issues which were ultimately not reached by the Court. Therefore, SEL's argument that IMES'

theories were "futile" is completely without basis. Second, a stay, rather than an immediate adjudication on merits, was sought by IMES because SEL's patent application had not reached a final determination before the USPTO. A decision by the USPTO to deny SEL a patent may have rendered this litigation unnecessary. The motion for stay was clearly not in bad faith or vexatious. Thus, SEL is not entitled to an award or costs under 28 U.S.C. §§ 1927 or 1919, respectively.

SEL's resort to the Court's inherent powers and the arcane Sections 1927 and 1919 of the Judicial Code show the untenability of SEL's position. As mentioned, *supra*, a Rule 11 motion would have been filed by SEL if it was certain that it had made out even a passable attempt at attorney's fees and costs. Moreover, if SEL were truly concerned with unnecessary multiplication of proceedings, it should have voiced those concerns prior to proceeding with this baseless motion for attorney's fees and costs.

SEL's citation of *Reliance Ins. Co. v. Sweeny Corp.*, 792 F.2d 1137 (D.C. Cir. 1986) and *Int'l Ass'n. of Teamsters v. Ass'n of Flight Attendants,* Civ A. No. 86-2834, 1988 WL 8278 (D.D.C. Jan 25, 1988) is inapposite. In *Int'l Ass'n of Teamsters*, the court awarded attorney fees because of (i) "plaintiff's counsel's complete failure to locate any legal authority for the extension or modification of the existing theory of unjust enrichment", (ii) plaintiff's counsel retreating from the unjust enrichment claim and (iii) plaintiff's abusive tactics in crafting pleadings in order to avoid being haled into federal court. None of these circumstances, much less all three, are present in the instant case. First, IMES' arguments in its opposition to SEL's motion to dismiss are all supported by legal authority. Second, IMES has not retreated from any of its claims and third, IMES has not employed any abusive tactic in requesting redressal of its

grievances. In *Reliance Ins. Co.*, the court imposed attorney's fees on the appellant because only a conclusory opposition to a motion for summary judgment had been filed and that opposition was unsupported by affidavits and appellant refused to reveal any pertinent facts. None of these are applicable to the present case, where IMES filed a detailed opposition to SEL's motion to dismiss, supported by affidavits and reciting pertinent facts.

In *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336 (10th Cir. 1998), the court upheld the award of costs of taking depositions by the defendant where the plaintiff had misled the court and the parties concerning his state of residence. The plaintiff had based subject matter jurisdiction on diversity and to this end had pleaded that he was a resident of a state different from that of defendants. After depositions, it was established that the plaintiff was a resident of the same state as the defendants thus destroying diversity. This case is of no help to SEL, because IMES has not misstated any fact or misled the Court in regard to the allegations in its Amended Complaint and, indeed, there is no finding to the contrary. Therefore, SEL is not entitled to an award of attorney's fees or costs.

Lastly, it is significant that on or about September 10, 2007, SEL submitted an Information Disclosure Statement ("IDS") to the USPTO, wherein it stated that "the court issued an Order granting SEL's Motion to Dismiss the Complaint." In the schedule to the IDS, SEL describes this Court's order as an "Order granting Motion to Dismiss by [SEL] and denying Motion to Stay by [IMES]." A copy of the IDS and schedule filed by SEL is attached herewith at Tab A. By not stating up front and providing full disclosure that the Court had dismissed the case without prejudice on

jurisdictional grounds and not on the merits of the matter, SEL has sought to overstate its case and thereby gain an unfair advantage in the prosecution proceedings ongoing before the USPTO.[4] This post-judgment action of SEL continues its pattern of competing through misrepresentations.

## IV.     CONCLUSION

In view of the foregoing, International Manufacturing And Engineering Services Company, Ltd. respectfully requests that Semiconductor Energy Laboratory Company Ltd.'s motion for attorney's fees and costs be denied.

Dated: September 27, 2007               Respectfully submitted,

By:   /s/ David A. Einhorn
David A. Einhorn, Esq. (Bar No. CT0001)
John M. O'Connor, Esq. (Bar No. NY0071)
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 278-1000
Fax: (212) 278-1733
Attorneys for Plaintiff

---

[4]     See Fed R. Civ. P. Rule 41(b) which provides that a dismissal is on merits if the court does not specify that the dismissal is without prejudice or for lack of jurisdiction. This failure by SEL to specify that the dismissal is without prejudice can mislead the USPTO into believing that this case has been adjudicated with prejudice on the merits, should the Examiner not review the Opinion of this Court itself.

## CERTIFICATE OF SERVICE

I certify that on September 27, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF:

Michael J. McKeon, Esq.
Joshua B. Pond, Esq.
Brian T. Racilla, Esq.
Fish & Richardson, P.C.
1425 K Street, NW
Washington, D.C. 20005

    Counsel for Defendant


        By:   /s/ David A. Einhorn
              David A. Einhorn