IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL MANUFACTURING AND ENGINEERING SERVICES COMPANY, LTD., <br><br> **Plaintiff,** <br><br> v. <br><br> **SEMICONDUCTOR ENERGY LABORATORY COMPANY, LTD.,** <br><br> **Defendant.** | Case No. 1:06-CV-01230 JDB |

**SEMICONDUCTOR ENERGY LABORATORY COMPANY LTD.'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS**

In its motion for attorneys' fees and costs [DI 35], Defendant Semiconductor Energy Laboratory Co., Ltd. ("SEL") demonstrated that Plaintiff International Manufacturing and Engineering Services Co., Ltd. ("IMES") acted both with bad faith and with a reckless indifference to the merits of its claims when IMES filed its facially-deficient complaints and intervening motions designed to prevent this Court from dismissing the claims against SEL.  As noted by SEL throughout this case, IMES' request to stay its own faulty complaint was unprecedented and IMES' stall tactics unreasonably multiplied the number of proceedings and filings in this matter, entitling SEL to now recoup the attorneys fees and costs it incurred pursuant to this Court's inherent equitable powers and under 28 U.S.C. §§ 1927 and 1919.

In its opposition to SEL's motion for fees and costs [DI 38], IMES fails to refute the clear and convincing evidence of its bad faith and reckless indifference.  Instead, IMES tries to distract from its culpability by raising obvious red herrings and tries to justify its actions by turning the

facts and basic legal axioms on their heads.  Neither of these tactics suffice to rebuff SEL's showing of entitlement to attorneys' fees and costs under the three sources of authority raised in SEL's Motion—namely, this Court's inherent equitable powers, 28 U.S.C. § 1927, and 28 U.S.C. § 1919.  Rather, the statements in IMES' opposition—including IMES' repeated acknowledgement that the co-pending proceedings in the USPTO (*i.e.*, prosecution and interference proceedings) could resolve the alleged inventorship "matter" IMES unsuccessfully tried to shoehorn into its original and amended complaints—further supports SEL's contention that IMES' behavior in this case unreasonably and unnecessarily proliferated the number of proceedings and squandered judicial resources.  *See* Opp'n at 4, 6, 8 [DI 38].

I.    **IMES FAILED TO REBUT SEL'S SHOWING OF ENTITLEMENT TO AWARD PURSUANT TO THIS COURT'S INHERENT EQUITABLE POWERS**

In its opening motion, SEL demonstrated that IMES acted in bad faith, vexatiously, wantonly, and for oppressive reasons when IMES (1) filed its original and amended complaints knowing that SEL was not a "patentee" as required by 35 U.S.C. § 293 and (2) later moved for a stay to prevent this Court from addressing the substance of SEL's motion to dismiss.  *See* Mot. at 3-5 [DI 35].  With respect to its flawed complaints, IMES responds with two arguments—each of which is easily dispatched.  First, IMES argues its reliance on Section 293 was reasonable despite the lack of an SEL patent-at-issue[1] because "there are no cases that have held that Section 293 is not applicable to an applicant for a patent."  Opp'n at 5 [DI 38].  The reason for the lack of such cases is clear—the untenable nature of IMES' argument.[2]  As noted in SEL's motion to dismiss and the Court's opinion, IMES' argument that Section 293 is equally applicable to

---

[1] IMES does not refute it knew SEL was a patent "applicant" and not patentee in this matter. *See*, Mot. at 5 [DI 35].
[2] Likewise, the Court rejected IMES' other arguments premised on *Dyprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343 (Fed. Cir. 2002) and *Nat'l Patent Dev. Corp. v. T.J. Smith & Nephew Ltd.*, 877 F.2d 1003 (D.C. Cir 1989) (en banc)—to which IMES refers in passing at page 5 of its opposition—because IMES improperly conflated two different issues to cobble together its arguments.  Mem. Op. at 7-9 [DI 34].

"patentees" and "applicants" cannot be sustained because ignores both the plain language of the statute and basic axioms of statutory construction. *See, e.g.*, Mem. Op. at 6-7 [DI 34]. Moreover, the Court specifically noted it was "difficult to understand why, to use plaintiff's own words, a patent applicant should be considered to have 'patent rights' for purposes of § 293 prior to the issuance of any patent." *Id.* at 9.

As its second argument, IMES points to the additional counts included in SEL's motion to dismiss as evidence that the personal jurisdiction "issue was not 'plain' and that SEL was not confident of its success on this ground." Opp'n at 6 [DI 38]. This argument is unavailing, at best. In essence, IMES argues the more an aggrieved defendant attacks a frivolous complaint, the less confident the defendant must be in each of its defenses—to borrow a phrase used by this Court previously, IMES' argument is incorrect and "difficult to understand." *See* Mem. Op. at 9 [DI 34]. The number and presence of additional counts in SEL's motion to dismiss was necessitated by the multiple, fatal errors in IMES' ill-advised complaint and by requirements set forth in Rule 12 of the Federal Rules of Civil Procedure, not by any supposed lack of confidence by SEL in the bases of its motion to dismiss.

With respect to IMES' attempts to prevent this Court from addressing the substance of SEL's motion to dismiss by moving to stay its own flawed complaints, IMES responds with three equally unavailing arguments. First, IMES argues that it filed its motion to derail and stay its own case instead of responding to SEL's motion to dismiss because

> it would be much more efficient for the court and the parties to address the substantive issues raised after the USPTO had determined whether to allow the SEL patent application claims at issue. … The matter could conceivably be resolved in the prosecution proceedings before the USPTO, such as by rejection of SEL's patent applications, thereby obviating the need to proceed with the litigation before this Court.

3

Opp'n at 6 [DI 38].  This argument and admission is telling because it reveals, again, IMES' recognition that the Patent Office is the proper venue for its alleged grievances and that this case is not yet ripe for adjudication by this Court—both of which support SEL's prior motion to dismiss and present assertion that IMES acted in bad faith and with reckless indifference to the merits of its case by filing the complaints and motion to stay.

Second, IMES argues SEL's failure to sign an unsolicited tolling agreement regarding unspecified claims from IMES with respect to SEL's still pending patent application now precludes SEL from demonstrating that IMES acted with bad faith, vexatiously, wantonly, or for oppressive reasons.  *See id.*  This argument is both incorrect and inapposite.  As amply demonstrated in SEL's motion to dismiss, IMES did not have any valid claims that the parties could toll; thus, SEL could not have "compelled" IMES to bring suit.  Moreover, this issue had no bearing on IMES' subsequent decision to try to stay the case and prevent this Court from adjudicating the substance of SEL's motion to dismiss, leaving a shadow of the pending litigation over SEL's business for years.

Third, IMES argues SEL's failure to move for sanctions under Rule 11 of the Federal Rules of Civil Procedure now precludes SEL from arguing that IMES' claims were "made in 'bad faith' or as [being] 'vexatious' or 'frivolous.'"  *Id.* at 6-7.  This argument also is incorrect.  While Rule 11 is one method by which an aggrieved party may seek attorneys' fees and costs, it is not the only one, and it is not a prerequisite for seeking to recover fees and costs under a court's inherent equitable powers, 28 U.S.C. § 1927, and 28 U.S.C. § 1919.  *See, e.g.*, *John Akridge Co. v. Travelers Companies*, 944 F. Supp. 33, 34 (D.D.C. 1996).  SEL was not required to move for sanctions under Rule 11 and did not do so; thus, invocation of Rule 11 by IMES is irrelevant and merely another attempt to distract the Court from the merits of SEL's motion.

IMES' attempt to distinguish *Lipsig v Nat'l Student Marketing Corp.*, 663 F.2d 178 (D.C. Cir. 1980) by arguing that the particular list of "numerous factual findings" made by the district court in *Lipsig* were not made in this case must also fail, because the *Lipsig* holding is not so narrowly confined. In *Lipsig*, the Court specifically held that

> [w]hile the presence of merit in a claim or defense may well negate any notion of bad faith in its filing, it certainly cannot justify abuse of the judicial process in the methodology of its prosecution. What, then, we sustain today is 'an award for general obstinacy unconnected with the merits of the case.'

*Lipsig*, 663 F.2d at 182. Here, SEL has demonstrated IMES' attempts to prevent this Court from reaching the substance of SEL's motion to dismiss was not to "prevent the waste of judicial resources" as alleged by IMES, *see* Opp'n at 7, but rather was to impermissibly delay the inevitable dismissal of its flawed complaints, which is clearly sanctionable under the Court's inherent equitable powers.

## II. IMES FAILED TO REBUT SEL'S SHOWING OF ENTITLEMENT TO AWARD PURSUANT TO 28 U.S.C. § 1927

In its Motion, SEL demonstrated that IMES acted with "reckless indifference to the merits" of its claims and unreasonably multiplied the number of proceedings in violation of 28 U.S.C. § 1927 when IMES (1) moved for a stay to prevent this Court from addressing the substance of SEL's motion to dismiss, and (2) filed its amended complaint (and subsequent papers) knowing that SEL was not a "patentee" as required by 35 U.S.C. § 293, and that each of these tactics required SEL to engage in unnecessary rounds of additional briefing in this case. *See* Mot. at 6-7 [DI 35]. In response, IMES merely offers arguments similar to those discredited above. IMES states that it sought a stay "because SEL's patent application had not reached a final determination before the USPTO" and that a "decision by the USPTO to deny SEL a patent may have rendered this litigation unnecessary." Opp'n at 8 [DI 38]. This admission shows

IMES clearly recognized that its claims against SEL were premature, not ripe for adjudication, and lacked the jurisdictional requirements. By maneuvering to stay its deficient claims rather than face their inevitable dismissal, IMES acted with reckless indifference to the merits of the case and tried to improperly leverage its flawed complaint by placing it out of the reach of SEL's motion to dismiss, which would allow it to cast a shadow over SEL's business for years.

IMES also argues that its failure to rectify the issue of personal jurisdiction in its amended complaint demonstrates its good faith with respect to that issue. *Id.* at 7. This argument is both irrelevant and unavailing. It is irrelevant because Section 1927 does not require a showing of "bad faith," it only requires a showing of "reckless indifference to the merits." Mot. at 6 [DI 35]. It is unavailing because, in essence, IMES argues that the more times a party ignores an identified deficiency in its pleadings, the greater the party demonstrates its "good faith" in asserting the deficient pleading. Such behavior cannot be rewarded and such illogic cannot stand. Rather, IMES' futile pursuit of ever more untenable and arcane theories of liability in its amended complaint (and subsequent filings) in view of its identified jurisdictional failures clearly demonstrates "reckless indifference" that is actionable under Section 1927.

IMES again argues that SEL should be precluded from seeking sanctions under Section 1927 because SEL did not file a Rule 11 motion with the Court. *See* Opp'n at 8 [DI 38]. However, just as shown above, this argument must fail because Section 1927 does not require SEL to file a Rule 11 motion before collecting an award. *See supra* Section I. Likewise, IMES' attempts to distinguish *Int'l Ass'n of Teamsters* and *Reliance Ins. Co.*[3] by narrowly limiting their holdings also fall short. Assuming *arguendo* that IMES' narrow interpretation of the standard for "reckless indifference" is correct, IMES still meets the more narrow standard. For example,

---

[3] *Int'l Ass'n of Teamsters v. Ass'n of Flight Attendants*, Civ. A. No. 86-2834, 1988 WL 8278 (D.D.C. Jan. 25, 1988) and *Reliance Ins. Co. v. Sweeny Corp.*, 792 F.2d 1137 (D.C. Cir. 1986).

IMES argues that its tactics cannot support an award under Section 1927 because all of its arguments in opposition to SEL's motion to dismiss were supported by legal authority, it did not retreat from any of its claims, and it did not employ abusive tactics in requesting redress. Opp'n at 8. IMES is wrong on all counts. First, this Court rejected IMES' assertion that its arguments were supportable by legal authority. *See, e.g.*, *supra* note 2. IMES also did retreat from its initial assertion that this case was supported by diversity jurisdiction,[4] and IMES' attempt to derail SEL's motion to dismiss by filing its motion for stay was an abusive tactic, as explained above in Section I. Thus, even under IMES' impermissibly narrow interpretation, IMES' behavior in this case supports an award under Section 1927.

### III.   IMES FAILED TO REBUT SEL'S SHOWING OF ENTITLEMENT TO AWARD PURSUANT TO 28 U.S.C. § 1919

IMES largely failed to address, let alone rebut, SEL's claim for sanctions under 28 U.S.C. § 1919. *See* Opp'n at 8-9 [DI 38]. Indeed, IMES did little more than merely call 28 U.S.C. § 1919 "arcane." *Id.* at 8. IMES did not dispute that the costs sought by SEL were "just" as required by the statute.[5] IMES, instead, unsuccessfully tries to distinguish *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998), a case cited by SEL in support of its motion. IMES argues that, because this Court has not found that IMES has "misled the Court in regard to the allegations in its Amended Complaint" as was found in *Callicrate*, SEL is not entitled to monetary awards under Section 1919. Opp'n at 9. However, Section 1919 does not require such particular findings, it only requires that the award be "just." *See* Mot. at 7 [D.I. 35]. Here, SEL clearly demonstrated that the award is "just" in light of the tactics IMES used in this

---

[4] *See, e.g.*, SEL's Reply in Supp. of Mot. to Dismiss at 6 n.6 [DI 27].
[5] IMES argues that SEL did not provide "full disclosure that the Court had dismissed the case without prejudice" when SEL submitted an IDS to the USPTO in September 2007 and has "sought to overstate its case and thereby gain an unfair advantage" in the USPTO. Opp'n at 9-10 [DI 38]. This argument cannot stand, because it is clear even from the attachment to IMES' opposition that SEL properly provided the USPTO with the copies of the Court's order and memorandum opinion—both of which clearly indicate that the dismissal was without prejudice.

case to prosecute its alleged claims against SEL—including, *inter alia*, IMES' filing of two flawed complaints and its motion to stay, which were designed specifically to deprive SEL of the opportunity to adjudicate the ultimately-successful substance of its motion to dismiss.

## CONCLUSION

For the reasons set forth both in SEL's motion for fees and costs [DI 35] and herein, SEL respectfully requests an award of its reasonable attorneys' fees and costs incurred thus far in this case.

Dated: October 9, 2007

Respectfully submitted,

By: /s/ Brian T. Racilla
Michael J. McKeon (Bar No. 759780)
Brian T. Racilla (Bar No. 473395)
Joshua B. Pond (Bar No. 494722)
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
Tel: (202) 783-5070
Fax: (202) 783-2331

Counsel for Defendant Semiconductor Energy
 Laboratory Co., Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on this 9th day of October, 2007, with a copy of the foregoing **SEMICONDUCTOR ENERGY LABORATORY COMPANY LTD.'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS** via the Court's CM/ECF system per LCvR 5.4.

| | |
|---|---|
| **David A. Einhorn, Esq.**<br>**John M. O'Connor, Esq.**<br>ANDERSON KILL & OLICK, LLP<br>1251 Avenue of the Americas<br>New York, New York  10020<br>Tel: (212) 278-1000<br>Fax: (212) 278-1733 | Attorneys for Plaintiff International<br>Manufacturing and Engineering<br>Services Company, Ltd. |

/s/ Brian T. Racilla
Brian T. Racilla