UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INT'L MFG. & ENG'G SERVS. CO.,**<br><br>Plaintiff,<br><br>v.<br><br>**SEMICONDUCTOR ENERGY LAB. CO.,**<br><br>Defendant. | Civil Action No. 06-1230 (JDB) |

## MEMORANDUM AND ORDER

On July 16, 2007, this Court dismissed this action brought by plaintiff International Manufacturing and Engineering Services Co., Ltd. ("IMES") against defendant Semiconductor Energy Laboratory Co., Ltd. ("SEL") for lack of personal jurisdiction. SEL now seeks an estimated $350,000 in attorneys' fees and costs for defending the action.

Although SEL challenges the filing of this action by IMES, the primary thrust of SEL's motion is that IMES engaged in a litigation strategy -- particularly when IMES sought to stay the proceedings in its own case -- that was unsupportable, unreasonable, and vexatious. SEL thus seeks a fee award under the Court's inherent equitable powers, see Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975) (fees may be assessed against a party that "acted in bad faith, vexatiously, wantonly, or for oppressive reasons"), and under 28 U.S.C. § 1927 (fees may be awarded against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously"), see Reliance Ins. Co. v. Sweeney Corp., 792 F.2d 1137, 1138 (D.C. Cir. 1986) (requiring "reckless indifference to the merits of a claim" by the attorney). Alternatively, SEL

seeks an award of its costs incurred in defending the action pursuant to 28 U.S.C. § 1919 ("court may order the payment of just costs" whenever action is dismissed for want of jurisdiction).

IMES did not succeed in this litigation. Nor, it is fair to say, were its positions on the personal jurisdiction issue under 35 U.S.C. § 293 and on its request for a stay very strong. Whether IMES acted in bad faith, vexatiously or even unreasonably is, however, a different matter. To begin with, the subject matter of the action -- ownership of technology that is the subject of a pending patent application by SEL -- was neither frivolous nor unimportant. And the personal jurisdiction issue under 35 U.S.C. § 293 -- involving interpretation of the term "patentee" and whether a patent applicant such as SEL comes within that term -- was novel and largely unaddressed by federal courts. Hence, although this Court ultimately had no difficulty rejecting IMES's argument and concluding that personal jurisdiction over SEL was lacking, the Court concludes that filing the action and resisting SEL's motion to dismiss on its merits was not bad faith, vexatious, oppressive or even plainly unreasonable conduct by IMES and its attorneys.

That leaves the somewhat more difficult question of the proper characterization of IMES's strategy in pursuing a stay of proceedings in the case it had brought rather than promptly having the personal jurisdiction issue resolved. Prior to filing suit, IMES apparently had asked SEL to enter a tolling agreement that would have permitted a postponement of filing suit while SEL's patent application moved ahead at the U.S. Patent and Trademark Office ("USPTO"). IMES contends that its motion to stay proceedings was simply an effort to conserve judicial and litigant resources in hopes that the matter would be resolved at the USPTO.

Once again, ultimately this Court did not agree with IMES's position; indeed, it can even be said that IMES was wrong or ill-advised in its effort. Moreover, it is not typical that a party

initiates a federal action only to move to stay the proceedings. But such a course is not unheard of either, particularly where the imminent running of a statute of limitations forces commencement of an action, and certainly parties should generally be encouraged to consider efficiency and conservation of resources in litigation.

In the end, the Court concludes that IMES's unsuccessful request for a stay was made on a weak legal foundation. But there is no evidence that it was made in bad faith or was vexatious or oppressive. See Alyeska Pipeline Serv. Co., 421 U.S. at 258-59. The standard for equitable fee-shifting is not easy to satisfy, and SEL has not met it here. Nor can the Court conclude that IMES's attorneys "unreasonably and vexatiously" multiplied the proceedings merely by seeking a stay, see 28 U.S.C. § 1927, a motion that, in fact, did not appreciably delay or complicate these proceedings. The efforts on behalf of IMES did not exhibit a "reckless indifference" to the merits of the issues in this case, and hence a fee award against IMES's attorneys under section 1927 is not warranted. See Reliance Ins. Co., 792 F.2d at 1138.

That is not to say that the litigation strategy employed by IMES and its counsel warrants praise -- it was neither successful nor, in many respects, very sound. The Court simply concludes that it does not warrant an award of attorneys' fees under the strict test applicable to such requests. On the other hand, SEL is entitled to recover its "just costs" incurred in defending this action. See 28 U.S.C. § 1919. Such costs should be determined under the same general standards that apply to costs allowable under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d). See Callicrate v. Farmland Indus., Inc., 139 F.3d 1336, 1339 (10th Cir. 1998). SEL will be permitted a reasonable time to file its bill of costs in this matter.

Accordingly, for the reasons explained above, SEL's motion for attorneys' fees and costs is

**GRANTED IN PART** and **DENIED IN PART** and SEL may file a bill of costs (not to include attorneys' fees) by not later than January 22, 2008.

    **SO ORDERED**.


                                            /s/ John D. Bates
                                              JOHN D. BATES
                                       United States District Judge


Dated: January 7, 2008