UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL MANUFACTURING AND ENGINEERING SERVICES COMPANY, LTD., <br><br> **Plaintiff,** <br><br> v. <br><br> **SEMICONDUCTOR ENERGY LABORATORY COMPANY, LTD.,** <br><br> **Defendant.** | Case No. 1:06-CV-01230 JDB |

## ITEMIZATION IN SUPPORT OF DEFENDANT SEMICONDUCTOR ENERGY LABORATORY COMPANY, LTD.'S BILL OF COSTS

Pursuant to 28 U.S.C. §§ 1919 and 1920, Federal Rule of Civil Procedure 54(d)(1), Local Civil Rule 54.1 ("LCvR 54.1"), and the Court's Memorandum and Order dated January 7, 2008 (D.I. # 40), Defendant Semiconductor Energy Laboratory Company, Ltd. ("SEL") hereby submits its itemization of costs in support of its Bill of Costs filed herewith. The costs addressed in this itemization follow *seriatim* the categories set forth in Form AO 133 ("Bill of Costs") provided by the Court on its webpage.

**I.     Fees of the Clerk**

As defendant in this case, SEL did not incur any such costs under 28 U.S.C. § 1920(1) or LCvR 54.1(d)(1).

**II.    Fees for service of summons and subpoena**

SEL did not incur any such costs under LCvR 54.1(d)(2) or LCvR 54.1(d)(11).

1

**III.    Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case**

SEL did not incur any such costs under 28 U.S.C. § 1920(2) or LCvR 54.1(d)(7).

**IV.    Fees and disbursements for printing**

SEL incurred fees and disbursements for printing under 28 U.S.C. § 1920(3) in the amount of **$18.48**. SEL incurred these expenses when scanning its motions and pleadings for electronic delivery to the Court's Case Management/Electronic Case Filing ("CM/ECF") system and resulting electronic service to Plaintiff. Such in-house expenses are recoverable under 28 U.S.C. § 1920(3). *See, e.g.*, *McMillan v. United States*, 891 F. Supp. 408, 415 (W.D. Mich. 1995). This Court recently has determined that scanning expenses of $0.12 per page to be reasonable. *See Johnson v. Holway*, Civil No. 03-2513 (ESH), 2007 WL 3193176 (D.D.C), at *6 (D.D.C. Oct. 31, 2007).

In this litigation, SEL has filed seven motions and corresponding memoranda—Motion to Dismiss Plaintiff's Complaint (D.I. # 5), Memorandum in Opposition to Plaintiff's Motion to Stay (D.I. # 17), Response to Plaintiff's Motion for Extension of Time (D.I. # 19), Reply in Support of Motion to Dismiss (D.I. # 27), Motion for Leave to File Supplemental Reply (D.I. # 30), Motion for Attorney's Fees and Costs (D.I. # 35), and Reply in Support of Motion for Fees and Costs (D.I. # 39)—which included a total of 154 pages. Using the $0.12 per page rate, this corresponds to **$18.48**.

**V.    Fees for witnesses**

SEL did not incur any such costs under 28 U.S.C. § 1920(3) or LCvR 54.1(d)(10).

**VI.    Fees for exemplification and copies of papers necessarily obtained for use in the case**

SEL incurred fees for copies of papers necessarily obtained for use in the case under 28 U.S.C. § 1920(4) and LCvR 54.1(d)(8) totaling **$564.16**. Specifically, SEL incurred **$556.00** in

2

in-house copying costs at $0.20 per page when defending against Plaintiff's Complaint, Amended Complaint, and Motion to Stay and in support of SEL's Motion to Dismiss. Such costs are recoverable pursuant to 28 § 1920(4). *See, e.g.*, *Schmid v. Frosch*, 609 F. Supp. 490, 492 (D.D.C. 1985). These copying costs were charged in three invoices—Invoice No. 791431 dated 10/26/2006 (**$42.00**); Invoice No. 800551 dated 12/20/2006 (**$334.40**); and Invoice No. 810912 dated 02/26/2007 (**$179.60**). The invoices containing these copying costs are attached as Exhibit 2 to SEL's Bill of Costs.

SEL also incurred expenses under 28 U.S.C. § 1920(4) and LCvR 54.1(d)(8) totaling **$8.16** when scanning the exhibits that were attached to the motions it filed with Court's CM/ECF system. Such in-house expenses are recoverable under 28 U.S.C. § 1920(4) at a rate of $0.12 per page. *See Johnson v. Holway*, Civil No. 03-2513 (ESH), 2007 WL 3193176 (D.D.C), at *6 (D.D.C. Oct. 31, 2007). In this litigation, SEL filed exhibits with two of its motions and corresponding memoranda—SEL's Motion to Dismiss Plaintiff's Complaint (D.I. # 5) and Response to Plaintiff's Motion for Extension of Time (D.I. # 19). There were a total of 68 pages contained in the exhibits. Using the $0.12 per page rate, this corresponds to **$8.16**.

**VII.    Docket fees under 28 U.S.C. § 1923**

Pursuant to 28 U.S.C. § 1920(5) and LCvR 54.1(d)(4), SEL is entitled to **$25.00** under 28 U.S.C. § 1923. In particular, under 28 U.S.C. § 1923(a), SEL is entitled to "$20 on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases" and "$5 on discontinuance of a civil action."

**VIII.    Costs as shown on Mandate of Court of Appeals**

SEL did not incur any such costs under LCvR 54.1(d)(14).

**IX.     Compensation of court-appointed experts**

SEL did not incur any such costs under 28 U.S.C. § 1920(6) or LCvR 54.1(d)(12).

**X.      Compensation of interpreters and costs of special interpretation services under 28 U.S.C. § 1828**

Pursuant to 28 U.S.C. § 1920(6), SEL incurred translation and interpretation expenses totaling **$3,681.57** in connection with pre-trial investigation and discovery conducted in response to the filing of this litigation by the Plaintiff. Such translation and interpretation expenses are taxable under 28 U.S.C. § 1920(6). *See, e.g.*, *In re Korean Air Lines Disaster*, 103 F.R.D. 357, 357-58 (D.D.C. 1984). Specifically, Mr. Christopher Field was hired to translate documents and interpret during meetings held with SEL in connection with this litigation. Mr. Field provided translation and interpretation services, which were summarized in two invoices—Invoice Nos. 487 and 491—for $2,489.07 and $1,192.50 respectively. These invoices total **$3,681.57** and are attached as Exhibit 3 to SEL's Bill of Costs.

**XI.     Other costs**

SEL incurred third-party photocopying fees in excess of $300.00 throughout this litigation. At least three hundred dollars ($300.00) of these third-party photocopying fees are taxable under LCvR 54.1(d)(9), which allows for "other costs of copying up to $300.00." For example, as shown in Invoice No. 1206081 from PIC Legal Document Solutions, SEL incurred copying costs of $392.64 (exclusive of non-taxable costs, such as those for binders and tabs) for the copying and assembly of sets of materials prepared for SEL's counsel in anticipation of oral argument requested by SEL regarding SEL's motion to dismiss and opposition to Plaintiff's

4

Motion for Stay.[1]  PIC Invoice, Exhibit 4 to SEL's Bill of Costs.  As such, SEL is entitled to recover **$300.00** pursuant to LCvR 54.1(d)(9).

Dated: January 22, 2008                               Respectfully submitted,

By: /s/ Brian T. Racilla
Michael J. McKeon (Bar No. 759780)
Brian T. Racilla (Bar No. 473395)
Joshua B. Pond (Bar No. 494722)
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, D.C.  20005
Tel:  (202) 783-5070
Fax:  (202) 783-2331

Counsel for Defendant Semiconductor Energy
 Laboratory Co., Ltd.

---

[1] Note that the third-party photocopying expense included in the PIC Invoice was not included as part of the in-house copying costs sought in Section VI of this document pursuant to 28 U.S.C. § 1920(4) and LCvR 54.1(d)(8).

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on this 22nd day of January, 2008, with a copy of the foregoing **ITEMIZATION IN SUPPORT OF DEFENDANT SEMICONDUCTOR ENERGY LABORATORY COMPANY, LTD.'S BILL OF COSTS** via the Court's CM/ECF system per LCvR 5.4.

| | |
|---|---|
| **David A. Einhorn, Esq.**<br>**John M. O'Connor, Esq.**<br>ANDERSON KILL & OLICK, LLP<br>1251 Avenue of the Americas<br>New York, New York  10020<br>Tel: (212) 278-1000<br>Fax: (212) 278-1733 | Attorneys for Plaintiff International Manufacturing and Engineering Services Company, Ltd. |

/s/ Brian T. Racilla
Brian T. Racilla