UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

INTERNATIONAL MANUFACTURING
AND ENGINEERING SERVICES
COMPANY, LTD.

                Plaintiff,

v.

SEMICONDUCTOR ENERGY
LABORATORY COMPANY, LTD,

                Defendant.

CASE NO.: 1:06-CV-01230(JDB)

## INTERNATIONAL MANUFACTURING AND ENGINEERING SERVICES COMPANY LTD.'S OBJECTIONS TO THE BILL OF COSTS SUBMITTED BY SEMICONDUCTOR ENERGY LABORATORY COMPANY, LTD.

Plaintiff, International Manufacturing and Engineering Services Co., Ltd. ("IMES"), respectfully submits the following objections to the Bill of Costs dated January 22, 2008 proposed by Semiconductor Energy Laboratory Company Ltd. ("SEL"). Categories I, II, III, V, VIII and IX need no response from IMES because SEL has made no claims thereunder. IMES has no objection to the taxing of Categories IV (Fees for disbursements and printing) and VII (Docket fees under 28 U.S.C. § 1923). Objections to the remainder Categories are set forth below:

**Category VI. Fees for exemplification and copies of papers necessarily obtained for use in the case**

SEL has claimed a total amount of $564.16 under this heading, of which $556.00 is purportedly for copies of papers necessarily obtained for use in this case and $8.16 is towards expenses for scanning the exhibits attached to two of its motions (D.I. #5 and #19). As regards the sum of $556.00, SEL has made no showing whatsoever of the nature of the documents for which it has claimed copying expenses or that the

NYDOCS1-884440.1

documents were "necessarily obtained for use in the case." Therefore, this claim for copying costs should be denied. See *McMillan v. United States,* 891 F.Supp. 408, 415 (W.D.Mich. 1995), a case cited by SEL, in which the court denied photocopying costs under this category in the amount of $114.50, because the claimant had not met his burden in proving that the documents were necessarily obtained for use in the case.

### Category X. Compensation of interpreters and costs of special interpretation services under 28 U.S.C. § 1828

SEL has claimed $3,681.57 towards translation and interpretation expenses in connection with "pre-trial investigation and discovery conducted in response to the filing of the litigation." See Bill of Costs at p. 4. Fish and Richardson, P.C., counsel for SEL, claims to have hired the services of one Mr. Field "to translate documents and interpret during meetings held with SEL" and has submitted invoices including translation fees and expenses such as airfare, parking and meals for Mr. Field. Such translation expenses, incurred on account of conversations between the law firm and its client, are not taxable and IMES objects to the same.

In a case concerning translation costs, which falls within "interpretation," this Court has held that "[t]he proper test to be applied with respect to the translation costs . . . is whether they were necessary for a proper determination of the issues presented, and whether they were of material aid to the court in resolving disputed issues of fact." *Oetiker v. Jurid Werke, GmbH,* 104 F.R.D. 389, 393 (D.D.C. 1982). In *Oetiker,* which concerned fraudulent procurement of a patent, the defendant claimed costs for translating patents obtained during discovery or listed as exhibits. Disallowing costs for translation, the Court held that the defendant had not made the requisite showing in that

> Defendant's invoices documenting translations of patents fails to itemize the patents and other materials actually translated, and the need for such translation. Defendant merely represents that each translation was necessary to authenticate and verify the translation independently made by plaintiff. However, defendant fails to otherwise justify the need for the documents, and fails to indicate whether the documents were introduced into evidence, or otherwise "necessarily obtained for use in the case." Whether a document is necessary for litigation is a legal conclusion for the court to determine. Here, defendant has failed to provide the court with sufficient factual information to support that conclusion, and the court cannot infer that the translations listed by defendant were necessary to the case.

*Id.* (internal citations omitted).

In the present case, no discovery ever took place, no translated documents were submitted into evidence, and no witnesses were ever deposed. SEL has made no showing that the interpretation was necessary for a proper determination of the issues presented, or that it was of material aid to the court in resolving disputed issues of fact.

Moreover the SEL interpreter was not Court appointed. The costs for interpretation in this category should be denied on this ground as well. *See Freier v. Freier*, 985 F.Supp. 710, 713 (E.D.Mich. 1997)(denying costs of interpretation because the interpreters were not court appointed.)[1]

**Category XI. Other costs**

Under the heading of L.Cv.R. 54.1(d)(9), SEL has claimed $300 towards photocopying costs for the copying and assembly of sets of materials prepared for SEL's counsel in "anticipation of oral argument." *See* Bill of Costs at p. 4. IMES objects to the

---

[1] In *In re Korean Air Lines Disaster of Sept. 1, 1983*, 103 F.R.D. 357 (D.D.C. 1984), a case cited by SEL, this Court denied plaintiff's request for translation costs against some defendants because they had no participation in either the request or the production of documents in Korean. In this case there has been no discovery and document production at all.

taxing of $300 because no oral argument was ever scheduled and the motions were decided on the papers alone.[2] Therefore, costs under this category should be denied.

**CONCLUSION**

In view of the foregoing, International Manufacturing And Engineering Services Company, Ltd. respectfully requests that costs set out in Categories VI, X and XI of Semiconductor Energy Laboratory Company Ltd.'s Bill of Costs be denied.

Dated: February 1, 2008          Respectfully submitted,

By:   /s/ David A. Einhorn
David A. Einhorn, Esq. (Bar No. CT0001)
John M. O'Connor, Esq. (Bar No. NY0071)
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York  10020
Tel:  (212) 278-1000
Fax:  (212) 278-1733
Attorneys for Plaintiff

---

[2] Moreover, L.Cv.R. 54.1(d)(9) is a general provision that may be resorted to by a party if photocopying costs cannot be substantiated under any other category, subject to a ceiling of $300. *See Cody v. Private Agencies Collaborating Together, Inc.,* 911 F.Supp. 1 (D.D.C. 1995) (permitting taxation of $300 under L.Cv.R. 54.1(d)(9) where the party could not substantiate photocopying costs under other headings of L.Cv.R. 54.1(d).) IMES submits that L.Cv.R. 54.1(d)(9) should be resorted to only in the event the Court accepts IMES' objections to taxation of costs under Category VI, and not in addition to costs taxed under Category VI.

## CERTIFICATE OF SERVICE

I certify that on February 1, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF:

Michael J. McKeon, Esq.
Joshua B. Pond, Esq.
Brian T. Racilla, Esq.
Fish & Richardson, P.C.
1425 K Street, NW
Washington, D.C. 20005

Counsel for Defendant

By:   /s/ David A. Einhorn
       David A. Einhorn